CHRISTINA B. ALLEN *vs.* HUGH ALLEN & trustee.

Within this Commonwealth, a decree for alimony made by this court cannot be enforced by action thereon in the superior court.

CONTRACT, commenced by trustee process in the superior court, by a wife against her husband, to recover alimony and costs decreed to her by this court after a divorce from bed and board, granted, on her petition, for his cruelty.

At the trial, before *Morton,* J., without a jury, the husband contended that the coverture of the plaintiff deprived her of any right to maintain the action; and that, even if this were not so, she had no remedy in this form. The judge ruled to the contrary, and gave judgment for the plaintiff. The husband alleged exceptions.

*G. Putnam, Jr.,* for the husband.

*S. Z. Bowman,* for the plaintiff.

FOSTER, J. The question in this case is, whether a wife can maintain an action of contract, commenced by trustee process in the superior court, against her husband, to recover specific sums of money decreed by this court for alimony and costs of suit upon a divorce *a mensâ et thoro* between the parties, granted on her application. It appears, by inspecting the declaration,

that the action is brought to recover not only the sums that were immediately and absolutely payable by the decree, but also future monthly instalments, which were then awarded, and have since become payable, and now remain overdue.

A decree for alimony is said by the supreme court of the United States to become " a judicial debt of record against the husband," and that a suit may be brought in another jurisdiction to " carry the decree into a judgment there, with the same effect that it has in the state in which the decree was given." Accordingly a bill in equity was maintained in the circuit court for the district of Wisconsin to enforce a decree for alimony made in New York upon a divorce from bed and board. *Barber* v. *Barber*, 21 How. 582. There are *obiter dicta* to the effect that no action lies on such a decree beyond the jurisdiction in which it is made. *Battey* v. *Holbrook*, 11 Gray, 212. *Barber* **v.** *Barber*, 1 Chandler, 280. But the clear preponderance of authority accords with the decision of the highest federal tribunal. Whether the appropriate remedy in such a case is to be found at common law, or in equity, is a question as to which a diversity of opinion and practice exists. 2 Bishop Mar. & Div. (4th ed.) §§ 202, 499. The prevailing rule seems to be, that an action at law lies on a final decree of a court of equity in another jurisdiction for the payment of a specific sum of money. *Pennington* v. *Gibson*, 16 How. 65.

But the reasons against allowing a common law action to recover arrears of alimony are very strong. *Van Buskirk* v. *Mulock*, 3 Harrison, 184. The fact that, by the practice of divorce suits, such a decree in the court by which it is made will be revised and altered for due cause shown; made greater or less as the necessities of the wife have increased or diminished, or taken away altogether when she has been guilty of flagrant misconduct; together with the circumstance that arrears of alimony do not survive the death of the wife, and are incapable of enforcement by her executor or administrator, present forcible arguments against allowing on such a decree an action at common law, in which no modification of it can be made, but judgment must be given for or against it, as it stands.

Allen *v.* Allen & trustee.

It is manifest that a foreign and a domestic decree stand on a very different footing in respect to the appropriate measures for their enforcement. It may be, that, within the jurisdiction of a chancery or ecclesiastical court, its powers and processes to compel obedience to its own decrees are so ample and potent that other tribunals will not entertain independent suits for that purpose ; while, in the case of a foreign court, or one in another state, the remedy of a suit to enforce such a decree may be necessary to prevent failure of justice.

There is likewise a marked difference as to an action at common law to recover alimony granted upon a decree of divorce *a mensâ et thoro* and one to recover alimony decreed upon a divorce *a vinculo.* A divorce from bed and board is only a judicial separation of the parties, terminable whenever both agree to live together again. They still continue husband and wife, and their legal unity is not wholly destroyed. No case can be found in which it has been held that the husband and wife may sue each other at common law after such a divorce, unless it be for alimony. *Dean* v. *Richmond,* 5 Pick. 461. *Pierce* v. *Burnham,* 4 Met. 303. *Ames* v. *Chew,* 5 Met. 320. This court is said to have decided in 1800 that assumpsit to recover alimony decreed on a divorce from bed and board would lie by a wife against her husband. *Wheeler* v. *Wheeler,* 1 Dane Ab. 358. *Davol* v. *Davol,* 13 Mass. 264. And debt for alimony after a divorce *a vinculo* was sustained *per curiam* in *Howard* v. *Howard,* 15 Mass. 196.

Since that time, however, the whole subject has undergone a complete statute revision, and the weight of previous decisions is thereby greatly diminished. Gen. Sts. *c.* 107. It is now provided that " the court may enforce decrees made for allowance of alimony, or allowance in the nature of alimony, pending libels or upon and after final decrees of divorce, in the same manner as decrees are enforced in equity." § 45. And in all cases where the course of proceeding is not specially prescribed, the court may hear and determine all matters relating to divorce, " according to the course of proceeding in ecclesiastical courts and in courts of equity, and may issue process of attachment, and of

execution, and all other proper and necessary processes." § 53. After a decree for alimony the court "may from time to time, on the petition of either party, revise and alter its decree respecting the amount of alimony and the payment thereof," "and may make any decree respecting such matters, which it might have made in the original suit." § 47.

The jurisdiction over divorce and all its incidents is vested exclusively in this court; and we regard it as the necessary result to be collected from all the legislative provisions on the subject, that, within this Commonwealth, a decree for alimony made by this court can be enforced by it only, and not by an action on the decree in the superior court. In *Morton* v. *Morton*, 4 Cush. 518, *scire facias* was recommended as a proper process to enforce payment of arrears of alimony. But the elaborate discussion of the subject by Chief Justice Shaw, in that case, would have been superfluous, if not inappropriate, had it been regarded possible to bring an action of debt or assumpsit on the decree in this or any other Massachusetts court.

We do not mean to intimate that a decree for alimony rendered in another state may not be enforced in this Commonwealth. Nor would we have it supposed that our decrees are of any different character from those ordinarily made by other courts having jurisdiction over divorce; or are less capable of enforcement beyond the limits of Massachusetts. We do decide, however, that this court is the only one in this state competent to enforce payment of alimony decreed by itself.

*Exceptions sustained.*