## ABIGAIL SLADE *vs.* JAMES SLADE.

*Scire facias* on the decree is not the exclusive remedy to enforce payment of arrears of alimony, and such payment may be enforced by process for contempt; but the mere fact that the party from whom it is due refuses to make it, upon demand, though able to do so, is not a sufficient cause for the issue of such process.

On the petition of a libellant in whose favor alimony has been decreed, an order of notice may be issued to the libellee, and, upon hearing, the payment of the alimony in arrears be enforced by execution or other appropriate process, and process be granted to compel the libellee to give security for future payments.

PETITION filed at October term 1870, representing that at Boston on April 13, 1868, a decree in the petitioner's favor for her divorce from the bed and board of James Slade, now commorant of Boston, was rendered in this county upon a libel filed by her, and he was ordered to pay her $600 per annum as alimony, in quarterly instalments; that three of the instalments were overdue and unpaid, notwithstanding her demand upon him for their payment, and his ability to make it; and that he refused to make payment thereof; "wherefore she says that the said James stands in contempt of this court in the premises, and she prays that the decree directing the said payments may be enforced in the same manner as decrees in equity are enforced, to wit, that a writ of attachment may issue against said James so as to have his body before the court at such time as the court may direct, to answer touching the contempt he has committed against said court; and also that the said James may be required to give to her sufficient security for the said payments, according to the terms of the decree, hereafter and for such other order and decree as may seem fit in the premises."

At the hearing of the petition, by *Ames*, J., the facts alleged were proved or admitted; but the respondent contended that the petitioner's only remedy was by a writ of *scire facias* and not by process for contempt; and the question whether the petitioner was entitled to the relief prayed for was reserved for the determination of the full court.

*R. Stone, Jr., & C. P. Greenough*, for the petitioner.

*J. H. Bradley*, for the respondent.

CHAPMAN, C. J. By the Rev. Sts. *c.* 76, regulating divorces, the court was authorized to hear cases according to the course of proceedings in ecclesiastical courts and in courts of chancery, and. might issue process of attachment and execution, and other proper process necessary for the dispatch and final determination of such cases. The case of *Morton* v. *Morton*, 4 Cush. 518, was decided under this statute, and the court recommended a *scire facias* as the proper remedy in case of nonpayment of instalments, and refused, in that case, to issue a process of attachment for contempt. They did not, however, decide that *scire facias* was the exclusive remedy. Indeed, they could not do so in view of the provisions of the Revised Statutes.

In *Newcomb* v. *Newcomb*, 12 Gray, 28, a motion was filed for the issuing of an execution without notice to the libellee. The court refused to grant it; but an affidavit being filed that alimony had not been paid or discharged, notice was ordered to the libellee to show cause why execution should not issue. Such an order implied that the court did not regard *scire facias* as an exclusive remedy.

In *Allen* v. *Allen*, 100 Mass. 373, in which it is held that an action at common law will not lie in the superior court for arrears of alimony, one of the reasons assigned for the decision is, that by the Gen. Sts. *c.* 107, § 47, the court may from time to time, on the petition of either party, revise and alter its decree respecting the amount of alimony and the payment thereof, and may make any decree respecting such matters, which it might have made in the original suit. By § 45, the court may enforce decrees made for allowance, alimony, or allowance in the nature of alimony, pending libels, or upon or after final decrees of divorce, in the same manner as decrees are enforced in equity. But the court is authorized to issue an execution in common form, to enforce a decree in equity, when such process appears to be appropriate. Gen. Sts. *c.* 113, § 23. And such process is usually ordered to be issued, when a decree is for the payment of money.

In ordinary cases, alimony is the mere payment of money, and an execution for the amount to be paid is frequently ordered at the time of the decree. There may be cases where an attach-

ment for contempt would be ordered; but it is not necessary to enumerate them. There should appear to be a contemptuous disobedience. It is clear that the petitioner is not limited to *scire facias;* nor has the petitioner made out a case for which an attachment should be issued. But under the Gen. Sts. the libellant may at any time obtain by petition, properly supported, an order of notice, returnable at such time as the court shall direct, and thereupon the court may order the issue of an execution, or such other process as may be appropriate to enforce payment. Other process would be appropriate to obtain security under § 46, which authorizes the court to require security, and in some other cases. A petition is usually preferable to a *scire facias,* because the proceeding is more speedy and flexible; but no order should be made without hearing or notice.

This case is to stand for further hearing, and such decree to be made as may be appropriate to the circumstances of the case, for the payment of alimony, the giving of security, or the issuing of execution.                                        *Ordered accordingly.*