ANN A. KNAPP vs. MARY S. KNAPP, executrix.

Essex.. Nov. 9, 1882. — March 2, 1883.   C. ALLEN, COLBURN & HOLMES,
JJ., absent.

*Scire facias,* issued by this court, is an appropriate process to obtain execution
against the estate of a deceased person in the hands of his executor, for arrears
of alimony awarded by a decree of this court to the plaintiff against the testa-
tor in his lifetime.

The provision of the Gen. Sts. *c.* 155, § 23, that decrees of courts of record "shall
be presumed to be paid and satisfied at the expiration of twenty years" after
the rendition thereof, does not operate as an absolute bar to a writ of *scire
facias* on such a decree; but the presumption may be rebutted by evidence
showing that the decree has not in fact been satisfied.

On a writ of *scire facias* against the executor of the estate of a person to recover
arrears of alimony, execution does not necessarily issue for the full amount
found to be due and unpaid at the time of the death of the testator; but the
court has discretion, on the facts proved, to determine for what sum the decree
for alimony shall be enforced by an execution against his estate.

SCIRE FACIAS.   The writ, dated July 11, 1881, and returna-
ble to this court, alleged that the plaintiff, in April 1853, was
granted by this court an absolute divorce from the bonds of
matrimony from Isaac N. Knapp, and was allowed the sum of
$200 by the year as her reasonable alimony, to be paid to her
by Isaac N. Knapp in quarterly payments, to be computed from
April 27, 1853; that, at a term of this court held in May 1855,
it was considered by the court that the alimony of the plain-
tiff be increased to $250 a year, to be paid to her by Isaac N.
Knapp in quarterly payments, the first quarter to be computed
from and after April 27, 1855; and decrees to the said effect
were duly entered, " whereof the said Isaac N. Knapp is convict,
as to us appears of record; " that although said decrees were en-
tered, yet no portion of the same had yet been paid or satisfied;
that Isaac N. Knapp died, October 25, 1879, possessed of goods
and estate, and leaving a will whereof the defendant was named
as executrix, which will was, on December 21, 1879, duly ad-
mitted to probate in this Commonwealth, and the defendant was
appointed executrix, and duly gave bond as such, which was
approved by the court; that the said executrix had, although
a year and more had elapsed since said appointment and qualifi-
cation, failed to pay said arrears of alimony, but refused to pay
the same, or any part of the same.

The defendant moved to dismiss the writ, for the reason that the writ could not be maintained against the defendant, on any facts set forth therein; and because no order for payment of arrears of alimony ought to be issued on a proceeding begun after the death of the defendant's testator.

*Devens*, J., ordered the writ to be dismissed; and the plaintiff appealed to the full court.

*D. L. Withington*, for the plaintiff.

*S. Snow*, for the defendant.

FIELD, J. Although an action of contract on the judgment is the remedy commonly used in this Commonwealth, still a writ of *scire facias* is an appropriate process to obtain execution against the estate of a deceased judgment debtor in the hands of his executor or administrator. *Heapy* v. *Parris*, 6 T. R. 368. *Bragner* v. *Langmead*, 7 T. R. 20. *Earl* v. *Brown*, 1 Wils. 302. *Hildreth* v. *Thompson*, 16 Mass. 191. *Jeffreson* v. *Morton*, 2 Wms. Saund. 12, n. *Wright* v. *Madocks*, 8 Q. B. 119. Com. Dig. Execution, F.

*Scire facias* was considered a proper process to enforce against the husband a decree for alimony. *Morton* v. *Morton*, 4 Cush. 518. In *Slade* v. *Slade*, 106 Mass. 499, it was held that *scire facias* was not the exclusive remedy against the husband to enforce a decree for alimony, and it was said that "a petition is usually preferable to a *scire facias*, because the proceeding is more speedy and flexible."

An execution in common form is the ordinary process to enforce such a decree for the payment of money, but the court may in a proper case issue an attachment for contempt, or any other appropriate process, in the same manner as decrees are enforced in equity. Gen. Sts. *c.* 107, §§ 45–53; *c.* 113, § 23. Pub. Sts. *c.* 146, §§ 33, 37; *c.* 151, § 29. In equity, if a suit abates by death, the ordinary process to revive it is a bill of revivor; but it seems that, if the suit abated by the death of the respondent after the decree has been signed and enrolled, the practice anciently was to revive the decree by a subpœna in the nature of a *scire facias*. Story Eq. Pl. § 366. The existing practice is now governed by the chancery rules 25 and 26, 104 Mass. 573, and by the statutes. See Pub. Sts. *c.* 165, § 19. Under these statutes and rules, a petition by the plaintiff in this cause might

be an appropriate remedy, but we are of opinion that she is also entitled to a writ of *scire facias* from this court, where the record is.

*Allen* v. *Allen*, 100 Mass. 373, decides that, since the enactment of the statutory provisions which are still in force, an action of contract on a decree for alimony rendered in this Commonwealth cannot be maintained in the Superior Court; and it is said that " this court is the only one in this State competent to enforce payment of alimony decreed by itself." The court say that " the fact that, by the practice of divorce suits, such a decree in the court by which it is made will be revised and altered for due cause shown ; made greater or less as the necessities of the wife have increased or diminished, or taken away altogether when she has been guilty of flagrant misconduct; together with the circumstance that arrears of alimony do not survive the death of the wife, and are incapable of enforcement by her executor or administrator, present forcible arguments against allowing on such a decree an action at common law, in which no modification of it can be made, but judgment must be given for or against it, as it stands." But if a writ of *scire facias* can be brought against the husband to obtain an execution against him for alimony, which, by a decree of the court, he has been ordered to pay, there is no good reason why the same process should not be used to enforce such a decree by obtaining execution against his estate for arrears of alimony due at the time of his death, if any right of action to obtain such arrears survives his death. A decree for alimony, whether for alimony already due, or to become due in the future, is in a certain sense a debt of record established by a judgment. As alimony out of the husband's property is a provision for the support of the wife by him, the obligation to pay it in the future necessarily ceases with the death of the husband, but amounts already due at the time of his death are in the nature of a debt then existing, and are payable out of his estate. *Smith* v. *Smith*, 1 Root, 349. *Wren* v. *Mosse*, 1 Gilman, 560.

Such arrears, however, are not absolute debts, but the decree for alimony may be revised and altered from time to time, on petition of either of the parties. Rev. Sts. *c.* 76, § 36. Gen. Sts. *c.* 107, § 47. Pub. Sts. *c.* 146, § 39.

After the death of the husband, no execution can issue against him; but, if it issue at all, it must issue against his goods and estate in the hands of his executor or administrator, and the executor or administrator should be made a party, and *scire facias* is an appropriate process to bring in the executor or administrator. A *scire facias* brought for this purpose is not an original suit, but it is a continuation of the former suit, and is instituted in order to make the executor or administrator of the deceased debtor a party, and to obtain an execution to enforce the judg-ment or decree. It will be open to the executor or administrator, when thus brought in, to petition that the decree may be revised or altered, in the same manner as the husband, if living, could have done; and, as was said by the court in *Morton* v. *Morton, ubi supra,* " if there be any good ground to bar the plain-tiff of her claim to one or more instalments of alimony alleged to be due, there will be full opportunity to plead and main-tain it."

The writ is dated July 11, 1881, and alleges that Isaac N. Knapp died on October 25, 1879; that a decree was entered in April 1853, that he pay the plaintiff $200 a year, in quarterly payments from April 27, 1853, as her reasonable alimony; that in May 1855 it was considered by the court that the alimony be increased to $250 a year, to be paid in quarterly payments from April 27, 1855, " as to us appears of record; " and that no portion of the same had yet been paid or satisfied.

The provisions of the Rev. Sts. *c.* 120, § 24, (Gen. Sts. *c.* 155, § 23; Pub. Sts. *c.* 197, § 23,) that " every judgment and decree in any court of record of the United States, or of this or any other State, shall be presumed to be paid and satisfied at the expiration of twenty years after the judgment or decree was rendered," has been held to be declaratory of the common law; and the presumption of payment " may always be rebutted by evidence showing that the same has not in fact been paid, but remains justly due." *Denny* v. *Eddy,* 22 Pick. 533.

As the decree in this case is in effect that Isaac N. Knapp, during the joint lives of himself and his wife, pay to her a cer-tain sum of money in quarterly payments, this presumption would affect only those payments which by the decree were to be made more than twenty years before the date of this writ.

This writ was brought after one year, and within two years, after the appointment of the defendant as executrix, and of her giving bond as such.   Gen. Sts. *c.* 97, §§ 5, 16.   Pub. Sts. *c.* 136, §§ 1, 9.   There is no other statute of limitations applicable to a writ of *scire facias* brought for the purpose for which this was brought.   The writ should not therefore have been dismissed on motion.

From the peculiar nature of a decree for alimony, and the right and power in the court to revise or alter it at any time, execution is not necessarily to issue for the full amount of arrears of alimony found to have been due and unpaid at the time of the death of the defendant's testator; but it is in the discretion of the court, on the facts that may be proved, to determine for what sum, if for anything, the decree for alimony shall be enforced by an execution against his estate.   See *De Blaquiere* v. *De Blaquiere*, 3 Hagg. Eccl. 322.   *Wilson* v. *Wilson*, 3 Hagg. Eccl. 329, note.

The order dismissing the writ must be reversed, the motion to dismiss it overruled, the defendant must plead, and the cause stand for hearing.                                     *Ordered accordingly.*