### In re NOWELL.

(District Court, D. Massachusetts. March 2, 1900.)

No. 2,355.

1. BANKRUPTCY—PROVABLE DEBTS—ALIMONY.
   Under the laws and judicial decisions of Massachusetts concerning the nature of alimony awarded to a divorced wife, the mode of its collection, and the power of the court to modify its amount, arrears of such alimony, due at the time of the filing of a petition in bankruptcy against the husband, but on which no execution has yet been issued, do not constitute a debt provable against his estate in bankruptcy, and the court of bankruptcy will not enjoin the wife from prosecuting appropriate proceedings for their collection in the state court.

2. SAME—AFTER-ACCRUING ALIMONY.
   A claim of the divorced wife of a bankrupt for alimony awarded to her by the court granting the divorce, in so far as the same is to accrue after the adjudication in bankruptcy, is not susceptible of valuation, so as to become a provable debt against the bankrupt's estate.

In Bankruptcy. On petition for injunction.

Elihu G. Loomis, for petitioner.

Felix Rackemann and H. M. Davis, for respondent.

LOWELL, District Judge. The bankrupt here seeks an injunction to restrain his wife from prosecuting in the state court contempt proceedings against him to obtain alimony granted her by a decree of that court. This court has therefore to determine the effect of bankruptcy upon alimony. If a discharge in bankruptcy will bar the wife's claim for alimony, she may be enjoined from seeking to collect it by contempt proceedings or otherwise.

Section 17 of the bankrupt act provides that a discharge in bankruptcy shall release the bankrupt from all his provable debts, with certain inapplicable exceptions. This court has here to consider, therefore, if alimony be a provable debt. Section 63 defines those debts which may be proved. The only clause in the section supposed to be applicable to alimony is the first: "A fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition." The nature of alimony is not precisely the same in all jurisdictions, and this case is

concerned only with alimony allowed by virtue of the laws of Massachusetts. I have to determine, therefore, if the alimony decreed by a Massachusetts court is a fixed liability, absolutely owing at the time of the filing of the petition.

In this commonwealth, the law of alimony has developed considerably during the past century and a half. According to the decisions and to the existing statutes, alimony appears now to be an allowance made by the decree of a competent court for the benefit of a wife. In a sense, this decree fixes the amount to be paid during the joint lives of husband and wife; but not only is the decree always open to modification in respect of future alimony by reason of a change in the situation of husband or wife, but also, if the wife seeks legal process to collect the arrears which have not been paid to her according to the decree, that process will not issue as of right or without notice to the husband. Upon an order of notice to the husband to show cause why process should not issue, he may, without modification of the original decree, move that the amount to be collected by the process be reduced, by reason of a change in his circumstances or in those of his wife. The process granted may be execution, scire facias, or an attachment for contempt. When any process is once issued, it is ordinarily governed by the rules applicable to the same process when issued in other cases. Alimony may be secured by attachment, and this attachment will extend to secure future installments, as these become due. It may be allowed in a lump sum, instead of by way of monthly, quarterly, or yearly payments. A domestic decree for alimony cannot be enforced in Massachusetts by an independent action of contract, but only by the court which decreed the alimony. Arrears due at the husband's death can be recovered from his estate, but are not an absolute debt, and may be modified on motion of the executor. Alimony is sometimes called a debt, and is sometimes said not to be a debt. Plainly, it has some analogy to a debt, yet differs therefrom in important respects. Pub. St. c. 146, especially sections 11–18, 36–40; Orrok v. Orrok, 1 Mass. 340; West v. West, 2 Mass. 223; French v. French, 4 Mass. 587; Bursler v. Bursler, 5 Pick. 427; Morton v. Morton, 4 Cush. 518; Shannon v. Shannon, 2 Gray, 285; Livermore v. Boutelle, 11 Gray, 217; Chase v. Ingalls, 97 Mass. 524; Allen v. Allen, 100 Mass. 373; Slade v. Slade, 106 Mass. 499; Burrows v. Purple, 107 Mass. 428; Foster v. Foster, 130 Mass. 189; Knapp v. Knapp, 134 Mass. 353; Downs v. Flanders, 150 Mass. 92, 22 N. E. 585; Southworth v. Treadwell, 168 Mass. 511, 47 N. E. 93. In the development of the law, the court and the legislature have not been disposed to abolish the anomalies connected with alimony, but rather the reverse. For instance, it was at one time held that debt would lie to collect alimony (Howard v. Howard, 15 Mass. 196); but this case was overruled long afterwards (Allen v. Allen, 100 Mass. 373). When, however, a particular remedy has been granted to recover alimony, there is a tendency to permit its operation as when granted in other cases. No reported decision in Massachusetts has been found by counsel or by the court concerning the effect of insolvency and a discharge therein upon alimony, past or

future; but I am informed that by some judges of the state courts of insolvency arrears of alimony have been held not to constitute a debt provable in insolvency.

Is a claim for arrears of alimony, which has been decreed by a court of Massachusetts, released by a discharge in bankruptcy? As has been said, these arrears are not, prior to the issue of an execution to collect them, a fixed liability, absolutely owing; for the amount of the liability may be modified by the court which has decreed the alimony and issues the execution. Even arrears of alimony, therefore, are not a provable debt, within the letter of the present bankrupt law, and, upon the whole, the decisions concerning alimony and bankrupt laws in general hold alimony not to be provable.

In Kerr v. Kerr [1897] 2 Q. B. 439, it was held, by two able judges against the dissent of one, that arrears of alimony were not a provable debt, under the present English bankrupt act. The dissent was founded altogether upon the case of Hardy v. Fothergill, 13 App. Cas. 351, which permitted the proof of contingent debts, under the English bankrupt act, to an extent outside the utmost possibility of the construction of the present bankrupt act of the United States. No judge treated arrears of alimony as a fixed liability. The analogy of the English law is therefore strongly against the contention of the bankrupt in this case.

In Re Cotton, Fed. Cas. No. 3,269, it was held that a payment ordered by a state court to be made for the maintenance of a bastard child was not provable under the bankrupt act of 1841; and a similar decision was reached by the supreme court of Ohio in Hawes v. Cooksey, 13 Ohio, 242. The act of 1841 permitted the proof of "debts," which, as applied to alimony, does not seem a more restricted term than that of the present act, a "fixed liability absolutely owing." Generally speaking, that which is owed is a debt. See, further, In re Baker (D. C.) 96 Fed. 954.

In Re Lachemeyer, Fed. Cas. No. 7,966, Judge Choate held, in an able and careful opinion, that arrears of alimony were not barred by a discharge granted under the bankrupt act of 1867. The decision was based principally upon the fact that the order to pay alimony was at all times subject to modification, and that, moreover, the wife ought not to be allowed to prove what is essentially a claim for support in competition with her husband's creditors. The reasoning of Judge Choate is as applicable to the present act as to the act of 1867. The act of 1867 permitted the proof of "debts due and payable."

Under the act of 1898 have been made several decisions supposed to favor the bankrupt's contention in this case.

In Re Houston (D. C.) 94 Fed. 119, the district court of Kentucky discharged a bankrupt from an arrest made by order of the state court to enforce the payment of arrears of alimony. Most of the opinion is devoted to a vindication of the unquestionable authority of the district court, under proper conditions, to release a bankrupt from arrest by a state court, but incidentally the court decided that alimony was a provable debt. Apparently, the decision was based

upon the authority of Tyler v. Tyler, 99 Ky. 34, 34 S. W. 898, where it was said that a judgment for alimony "makes him [the husband] an ordinary debtor to the wife for a fixed sum of money that his estate is liable for, in the same manner that it would be for a debt due upon any contract." If this is the nature of alimony in Kentucky, a claim for arrears of alimony there may well be barred by a discharge in bankruptcy; but, as this is not the nature of alimony in Massachusetts, In re Houston is here inapplicable.

In Re Van Orden (D. C.) 96 Fed. 86, the bankrupt sought to enjoin his wife from prosecuting in New Jersey a suit in equity to recover arrears of alimony decreed by a state court of New York, and the district court of New Jersey granted an injunction. In that case the liability was apparently fixed, inasmuch as its enforcement was sought in an independent suit, in which no modification of the original decree could be obtained. The decision has therefore no bearing on the present case, although the learned judge doubtless expressed his opinion that arrears of alimony in general are a provable debt.

In Re Challoner, 98 Fed. 82, the district court for the Northern district of Illinois enjoined the bankrupt's wife from attempting to collect alimony. The judge briefly said that, "under the decisions of the courts of Illinois, I am satisfied that money due under the decree, prior to the adjudication as a bankrupt in this court, is a debt, under the bankruptcy law." By the law of Illinois, it seems that arrears of alimony cannot be reduced by the court which made the original decree, but that they constitute a fixed debt. Craig v. Craig, 163 Ill. 176, 45 N. E. 153. This difference between the nature of alimony in Massachusetts and in Illinois renders the decision in Re Challoner inapplicable to this case. That alimony is not a provable debt, under the existing bankrupt law, was decided in Re Shepard, 97 Fed. 187, by the district court for the Southern district of New York, and it does not appear that, by the laws of New York, alimony is any the less a fixed liability absolutely owing than it is in Massachusetts. The difficulties that may arise in applying the ordinary statutory exemptions of the bankrupt to a liability for alimony are somewhat illustrated by In re Garrett, Fed. Cas. No. 5,252. Upon the whole, I hold that arrears of alimony in Massachusetts are not in general a provable debt, but I do not pass upon the effect of a discharge in bankruptcy upon an execution for alimony issued by the state court before the filing of the petition in bankruptcy. If that execution be held to create an absolute liability in favor of the wife, it may be that a levy of the execution upon the after-acquired property of the bankrupt will be stayed by the court of bankruptcy.

As to future alimony, there is no difficulty. It certainly is not a fixed liability, absolutely owing. On the contrary, it is contingent upon many circumstances,—upon the life of both husband and wife, as well as upon a modification of the original decree by reason of the future-acquired property and earning capacity of the husband, of the future needs, and, it may be, the health, of the wife, of her remarriage, and her receipt of property from other sources. Even

if the present act permits the valuation and proof of contingent liabilities generally, yet this contingent claim is impossible of valuation. As to future alimony, I must think that the decree made in Re Challoner, and naturally followed by the referee in this case, was made hastily. The learned judge there refused to pass upon "the status of the money which may become due thereunder after such adjudication," yet restrained suit for it for 12 months. But the bankrupt is not exempt from suit generally, but only from suit upon provable debts. To deprive the wife of alimony altogether for 12 months seems to me unwarrantable, inasmuch as future alimony is not a provable debt. The injunction granted by the referee is vacated, and the petition for the injunction denied.