VITILINA HEWETT *vs.* CLARENCE N. HEWETT.

MAY 5, 1922.

PRESENT:  Sweetland, C. J., Vincent, Stearns, and Rathbun, JJ.

*(1)  Constitutional Law.   Decrees.   Full Faith and Credit.*

If a decree of the court of another State is final and conclusive and not subject to modification or annulment by the court entering the same it is entitled under Section 1, Article IV of the constitution of the United States to full faith and credit in the courts of this State.

*(2)  Pleading.   Debt on Judgment of a Foreign State.*

An action of debt on a decree of a court of another State does not state a case where it does not appear by the declaration that the decree is an enforceable judgment in the State where it was rendered.

*(3)  Judicial Notice.   Laws of Foreign State.*

Ordinarily the law of a foreign state is a fact that must be proved by evidence, but where a provision of the federal constitution is brought in question as to the effect of a judgment of a court of another state the court will take judicial notice of the laws of such state.

*(4)  Judicial Notice.   Full Faith and Credit.   Constitutional Law.*

Where the court taking judicial notice of the statutes and decisions of the courts of another state finds that the courts of that state are not bound to enforce the terms of a decree for alimony and that the court entering the decree may in its discretion modify or annul the same, it follows that such decree is not entitled to the protection of the full faith and credit clause of the federal constitution.

ACTION OF DEBT.   Heard on exception of plaintiff and overruled.

RATHBUN, J.   This is an action of debt on a decree of the Probate Court for the county of Worcester, Mass.   The case is before this court on the plaintiff's exception to the ruling of the Superior Court sustaining a demurrer to the declaration.

Said declaration alleges that on the 4th day of May, 1897, said Probate Court entered an order awarding the care and custody of Clarence A. Hewett, the minor child of said Clarence N. Hewett and Vitilina Hewett (husband and wife), to said Vitilina Hewett, prohibiting said Clarence N. Hewett from imposing any restraint on the personal liberty

of said Vitilina Hewett; and ordering said Clarence N. Hewett to pay to said Vitilina Hewett for her support and for the support of said minor child the sum of $10.00 on the first day of June, 1897, and the further sum of $10.00 on the first day of each and every month thereafter until the further order of said court. The declaration further alleges that said decree is in full force and not reversed, annulled, modified or satisfied in whole or in part and that the sum of $2,810, together with legal interest thereon, is now due.

The demurrer to said declaration was upon the following grounds: (1) that plaintiff by virtue of said decree obtained no absolute or vested right to demand or receive the money ordered by said decree to be paid; (2) that the court which entered said decree may at any time in its discretion modify or revoke said decree; (3) that by the law of Massachusetts exclusive jurisdiction to enforce the decree in question is in the court which rendered said decree; (4) that by the law of Massachusetts said decree is revocable and is not enforceable until after the court entering said decree shall on hearing determine that said decree shall be enforced.

The plaintiff filed a motion in the Superior Court to strike out the above demurrer and to strike out each and every ground of demurrer for the reason that "each of the grounds of demurrer alleged is based upon the law of a state other than the State of Rhode Island and that the defendant has not pleaded what the law of said other state is." The Superior Court denied said motion and the plaintiff excepted but at the hearing before us this exception was waived.

If said decree is final and conclusive and not subject to modification or annulment by the court entering the same it is entitled, under Section 1, Article IV of the Constitution of the United States, to full faith and credit in the courts of this state. On the other hand, if the plaintiff has no absolute and vested right to demand and receive installments of alimony ordered by said decree to be paid, the decree is given no protection by said constitutional provision. Mr. Justice WHITE in *Sistare* v. *Sistare*, 218 U. S. 1 at 16 and 17,

stated the rule as follows: "First, that, generally speaking, where a decree is rendered for alimony and is made payable in future installments the right to such installments becomes absolute and vested upon becoming due, and is therefore protected by the full faith and credit clause, provided no modification of the decree has been made prior to the maturity of the installments." "Second, That this general rule, however, does not obtain where by the law of the State in which a judgment for future alimony is rendered the right to demand and receive such future alimony is discretionary with the court which rendered the decree, to such an extent that no absolute or vested right attaches to receive the installments ordered by the decree to be paid, even although no application to annul or modify the decree in respect to alimony had been made prior to the installments becoming due."

(2) We are of the opinion that the declaration does not in accordance with the ordinary rules of pleading state a cause of action for the reason that by the terms of the declaration it does not appear that the decree is an enforceable judgment in the state where it was rendered. The decree in question was entered in the course of a divorce proceeding between the parties. Said decree ordered alimony to be paid to the plaintiff in monthly installments. As we have before us no copy of said decree it is impossible without resorting to the Massachusetts law to ascertain whether said decree was for temporary or permanent alimony. A decree for temporary alimony is an interlocutory decree. Its enforcement is, in some jurisdictions, subject to the discretion of the court entering the decree. 14 Cyc. at 797.

It does not appear from the declaration that the court which entered the decree may not in its discretion by the modification or annulment of the decree take away the plaintiff's rights under said decree to receive the installments which by the terms of the decree have become due.

The case is before us on demurrer and unless we take judicial notice of the laws of Massachusetts we have no

information as to whether the plaintiff by virtue of the decree in question has a vested right to demand and receive (3) the installments which have become due. The Massachusetts court in a case similar to the one before us, *Page* v. *Page*, 189 Mass. 85 (which was an action upon a decree entered by a court of the State of Maine), apparently refused to take judicial notice of the law of the State of Maine by sustaining a demurrer to the bill on the ground that the bill contained no allegation that the decree was final. The court said: "This decision of the federal court" (*Lynde* v. *Lynde*, 181 U. S. 183) "is an authoritative declaration of the interpretation of the provision of the federal constitution under consideration," (the full faith and credit clause) "and is binding upon this court. In order to bring herself under the protection of this provision the plaintiff therefore must show that the decree was final. The decree had reference simply to future payments, and generally such a decree in the form of this one is subject to modification by the court which passed it. There is no allegation in the bill upon that subject. It is true that there is an allegation that the decree 'still stands unreversed and in full force,' but that is not an allegation that it is final. It is not an allegation as to the nature of the decree, but simply that its nature has not been changed. As the question comes to us upon demurrer we have no information before us as to the law of Maine, but in view of the general character of such decrees and the general rule that they are subject to the revision of the respective courts which pass them, we cannot upon demurrer to this bill assume that the decree is final. If the plaintiff contends that it is, there should be in the bill some such allegation as there was in *Brisbane* v. *Dobson*, namely, that there is no authority in the court to reverse or modify the decree. So far, therefore, as the plaintiff relies upon this constitutional provision, she has not stated a case. So far as independently of that provision she asks the assistance of this court as in a case of foreign judgment, she is met by the same difficulty. It does

not appear that she has any positive or final decree for the payment of a sum certain or which can be made certain. The fair construction of the bill taken in connection with the nature of the decree is that she has no such final decree. For aught that appears the Maine court upon application might revise the decree and decline to issue any process for the collection of any sum whatever."

As the declaration fails to state the nature of the decree upon which the plaintiff seeks to recover, the question arises whether this court will examine the statutes of Massachusetts and the reported decisions of the court of last resort in the latter commonwealth in order to ascertain if possible whether said decree has in said commonwealth the force of an enforceable judgment. Ordinarily the law of a sister state is a fact which must be proved by evidence the same as any other fact, but state courts may when it is anticipated that a Federal question may arise as to the effect of a judgment of a court of another state take judicial notice of the law of such other state. 1 Chamberlayne on Evidence, Sec. 587; Wigmore on Evidence, Sec. 2573; *Paine* v. *Schenectady Ins. Co.*, 11 R. I. 411.

The court below, following *Paine* v. *Schenectady Ins. Co.*, *supra*, took judicial notice of the laws of Massachusetts and, as a provision of the Federal constitution is brought in question we will notice judicially the laws of the latter commonwealth.

Gen. Laws, 1909, cap. 292, § 49, provides that a copy of the statutes of any state purporting to be published by authority thereof and the published reports of decisions of the courts of any state shall be admitted in all the courts of this state as *prima facie* evidence of the laws of the state under whose authority they respectively purport to have been published. See *Horton* v. *Reed*, 13 R. I. 366; *O'Donnell* v. *Johnson*, 36 R. I. 308.

The parties agree that the Massachusetts court in entering the decree in question exercised jurisdiction conferred by a Massachusetts statute which is now Section 33 of Chapter

153 of the Revised Statutes of Massachusetts of 1902. Said section is as follows: "If a husband fails, without just cause, to provide suitable support for his wife, or deserts her, or if the wife, for justifiable cause, is actually living apart from her husband, the probate court may, upon her petition or, if she is insane, upon the petition of her guardian or next friend, prohibit the husband from imposing any restraint on her personal liberty during such time as the court shall by its order direct or until the further order of the court thereon; and, upon the application of the husband or wife or of her guardian, the court may make further orders relative to the support of the wife and the care, custody and maintenance of the minor children of the parties, may determine with which of their parents the children or any of them shall remain and may, from time to time, upon a similar application, revise and alter such order or make a new order or decree, as the circumstances of the parents or the benefit of the children may require."

In *McIlroy* v. *McIlroy*, 208 Mass. 458, a probate court exercising jurisdiction conferred by said section 33 entered a decree of divorce *mensa et thoro*. The decree ordered the husband to pay to the wife alimony in installments. The husband did not comply with the order. Thereafter the parties having become reconciled lived together for a time as man and wife  The parties again separated and the wife petitioned said probate court for an execution for the amount of the installments which by the terms of said decree had become due. Said court, after considering the circumstances, modified the decree and ordered that an execution issue for an amount less than the total installments due by the terms of the original order contained in the decree. Upon appeal the court of last resort of Massachusetts decided that the original order was not suspended by the act of the parties in becoming reconciled but was in full force during the time that the parties were living together as man and wife; that the probate court had full power to modify the decree and that the wife had no vested rights by

virtue of said decree.   The court, at page 465, said: "Upon this petition, addressed to the court which made the original order, that court could consider any change in the present position of the parties and any facts that had occurred since the making of the first order, and if it found that justice so required, could order execution to issue for only a part of the unpaid arrears.   *Knapp* v. *Knapp*, 134 Mass. 353, 357. It was doubtless upon this ground, and not, as the respondent has contended, upon any theory that the operation of the order had been suspended while the parties lived together, that the Probate Court based its conclusion as to the amount named in the order appealed from; and this as a matter of law was correct.   And the Superior Court upon the appeal had the same power as the Probate Court."

In *Knapp* v. *Knapp*, 134 Mass. 353, the court, at page 355, said: "A decree for alimony, whether for alimony already due, or to become due in the future, is in a certain sense a debt of record established by a judgment."   . . .   "Such arrears, however, are not absolute debts, but the decree for alimony may be revised and altered from time to time, on petition of either of the parties."   . . .   "From the peculiar nature of a decree for alimony, and the right and power in the court to revise or alter it at any time, execution is not necessarily to issue for the full amount of arrears of alimony found to have been due and unpaid at the time of the death of the defendant's testator; but it is in the discretion of the court, on the facts that may be proved, to determine for what sum, if for anything, the decree for alimony shall be enforced by an execution against his estate."

See also *French* v. *French*, 4 Mass. 587;  *Morton* v. *Morton*, 4 Cush. 518;  *Newcomb* v. *Newcomb*, 12 Gray, 28;  *Allen* v. *Allen*, 100 Mass. 373;  *Slade* v. *Slade*, 106 Mass. 499. We have shown that by the laws of Massachusetts the courts of that commonwealth are not bound to enforce the terms of the decree in question and that the court entering the decree may in its discretion modify or annul the same

and thereby take from the plaintiff all rights obtained under said decree. It is clear that the plaintiff by virtue of the decree upon which this suit is based has no vested right to demand and receive the instalments which by the terms of said decree are due. Consequently, by applying the rule, which we have quoted above, as laid down by Mr. Justice WHITE, in *Sistare* v. *Sistare, supra,* it follows that the decree in question is not entitled to the protection of the full faith and credit clause of the Federal constitution. The plaintiff relies upon *Wagner* v. *Wagner,* 26 R. I. 27, in which case the court held that the wife could recover in an action at law in this state alimony which by decree of the Superior Court of Massachusetts was ordered to be paid in installments. The court used the following language: "The objection that an allowance is subject to alteration by the court ordering it, and so it cannot be regarded as a final and conclusive judgment, has little, if any, weight as to an amount already due at the time of suit. An accrued amount would not be changed by the court if the debtor was able to pay it, and a suit on a decree is but a step to enforce payment. But however this may be, the cases cited sufficiently recognize the right to sue; and in this case, the husband having died before this suit was brought, the possibility of a change had passed."

The Massachusetts decisions already cited clearly show that the court which entered the decree upon which this suit is brought would not hesitate, when justice required such action, to modify or annul the decree by changing the amount which had accrued even when the husband "was able to pay it," and even if the husband had deceased. From the opinion in *Wagner* v. *Wagner, supra,* it does not appear that the statutes of Massachusetts and the reported decisions of the court of last resort of that commonwealth were brought to the attention of the court. The statute by authority of which the decree then under consideration was rendered is not referred to and no decisions of the Massachusetts court are cited. What the law of Massachusetts

was when *Wagner* v. *Wagner*, was decided was a question of fact and we are not concerned with the question whether the court erred in its findings of fact relative to the finality, under the Massachusetts laws, of the decree then under consideration. We have made our finding as already set forth relative to such portions of the Massachusetts law as are material for the consideration of this case.

As the decree upon which this suit is based is interlocutory and conditional in Massachusetts it should not be considered as final and conclusive in Rhode Island.

The plaintiff's exception to the ruling of the Superior Court sustaining the demurrer to the declaration is overruled and the case is remitted to the Superior Court for further proceedings.

*James H. Rickard*, for plaintiff.

*Greene, Kennedy & Greene*, for defendant.

