ELLA M. GILLESPIE, Plaintiff, *v.* ELMER H. GILLESPIE, Defendant.

Supreme Court, Special Term, New York County, March 29, 1946.

*Samuel S. Goldman, Louis Jobrack* and *Warren J. Bloom* for plaintiff.

*Stephen S. Bernstein* for defendant.

PECORA, J. Plaintiff moves for summary judgment under rule 113 of the Rules of Civil Practice. The action is brought to recover arrears of alimony awarded plaintiff by a decree of the Probate Court of Suffolk County, Massachusetts. On October 26, 1942, plaintiff obtained a decree *nisi* in Massachusetts in a divorce action brought upon the ground of cruel and abusive treatment. Alimony was directed to be paid therein, in accordance with a stipulation entered into between the parties and made part of the decree by reference. The stipulation provided for a payment of $200 per month " until this decree shall be modified by order of this Court, or until the terms are changed by agreement between the parties." The decree *nisi* became absolute on April 26, 1943, and has not been modified. The sum sued for represents arrears of alimony from July 1, 1944.

On June 26, 1945, plaintiff, without notice to defendant, who had left the State of Massachusetts before that date, petitioned the Probate Court in Massachusetts for an execution against the goods, chattels and lands of the defendant for the sum of $2,400, the arrears of alimony. On June 27, 1945, the said Probate Court decreed that such an execution issue.

Where by the law of a State a judgment for alimony may be modified by the court that rendered it, not only as to future alimony, but also as to arrears, neither the Federal Constitution nor comity demands that full faith and credit be given to such judgment. (*Sistare* v. *Sistare*, 218 U. S. 1; *Rossi* v. *Rossi*, 56 N. Y. S. 2d 383, affd. 269 App. Div. 821.)

In *Watts* v. *Watts* (314 Mass. 129, 133) the Massachusetts court said: " It is settled in this Commonwealth that the courts upon which jurisdiction is conferred under the provisions of G. L. (Ter. Ed.) c. 208, have full power and authority under § 37 to modify decrees for alimony entered in divorce proceedings not only as to the future, but also as to arrears, that like power and authority exist upon petitions for executions to satisfy arrears or in proceedings for contempt to enforce the decrees, and that the same powers are enjoyed in the matter of decrees for support entered by Probate Courts under G. L. (Ter. Ed.) c. 209. *Knapp* v. *Knapp*, 134 Mass. 353. *McIlroy* v. *McIlroy*, 208 Mass. 458. *Williamson* v. *Williamson*, 246 Mass. 270. *In re Nowell*, 99 Fed. 931, 932. Under § 37 of c. 208 a decree is always subject to revision in the court that made it. *Wilson* v. *Caswell*, 272 Mass. 297, 301."

It is clear then that a decree of a Massachusetts court granting alimony is alterable, that it is subject to modification as to arrears as well as future alimony.

The question arises as to whether the decree of June 27, 1945, directing execution to issue for the arrears constitutes a final adjudication as to the arrears which cannot be modified by the Massachusetts court. No direct holding has been presented to the court upon this motion, nor has the court been able to find one in independent research, to the effect that where an execution has been issued, arrearages in alimony may not be modified.

In *Morton* v. *Morton* (4 Cush. [Mass.] 518) the court held that *scire facias* was a proper process to enforce payment of arrears of alimony. In *Slade* v. *Slade* (106 Mass. 499) the court considered that an application for an execution to issue would be appropriate to determine arrears in alimony. (See, also, *Allen* v. *Allen,* 100 Mass. 373.) Upon an application for execution to issue, the court has discretion to determine for what sum the decree of alimony shall be enforced. (*Knapp* v. *Knapp,* 134 Mass. 353.) So, too, it has been held that an execution may issue without notice. (*Bell* v. *Walsh,* 130 Mass. 163; *Chase* v. *Chase,* 105 Mass. 385.)

The process of obtaining an execution to determine arrears is similar to that provided for in our own section 1171-b of the Civil Practice Act. Thus, the Massachusetts courts have enforced New York judgments for arrears in alimony obtained without notice. (*Dadmun* v. *Dadmun,* 279 Mass. 217.) In *Watts* v. *Watts* (314 Mass. 129, 135, *supra*), the court held that '' the present law of the State of New York is the same as that enunciated in our *Knapp, Williamson* and *McIlroy* cases.''

It follows from the above that the decree of execution of the Massachusetts court would be entitled to full faith and credit here, were it not for the infirmity of lack of due process presented in the instant case. For even assuming that an execution issued by the Massachusetts court has the same effect as a judgment entered by our own court under section 1171-b of the Civil Practice Act, a problem is posed whether there has been due process by the issuance of the execution *without notice* to the husband. Although the answer interposed by defendant does not specifically plead lack of due process, the point is urged in the brief submitted by him and appears upon the face of the plaintiff's papers. The effect of a New York judgment for arrears in alimony entered without notice to a husband, has only recently been decided by the United States Supreme Court. (*Griffin* v. *Griffin,* 327 U. S. 220.) It was there held, by a divided court, that due process requires notice to a defendant husband before entering such judgment, where under the local

practice upon such a motion for judgment for accrued alimony, the husband may seek modification of the alimony decree *nunc pro tunc* or raise defenses to the motion. As indicated in *Watts* v. *Watts* (*supra*), the Massachusetts courts have determined they have power upon a petition for execution to modify a decree for alimony not only as to future payments, but also as to arrears. Upon the authority of the *Griffin* case (*supra*), plaintiff's motion for summary judgment must therefore be denied. Settle order.