## Doris B. Sawyer *vs.* Lewis Kuhnle.

Middlesex.    October 7, 1948. — March 8, 1949.

Present: Qua, C.J., Lummus, Dolan, Wilkins, & Williams, JJ.

*Marriage and Divorce*, Modification of decree, Execution, Support of
   minor child.

A decree modifying a previous decree providing for the support of minor
   children of divorced persons was prospective only, did not adjudicate
   the amount due as arrears under the original decree, and did not pre-
   clude the court, in an appropriate proceeding subsequently brought to
   determine the amount due as such arrears and to enforce its payment,
   from considering matters occurring after the original decree and
   before the decree of modification.

A petition for execution is an appropriate proceeding in which to deter-
   mine the amount due as arrears under a decree providing for the sup-
   port of minor children of divorced persons; and on such a petition the
   court may consider matters occurring since the entry of that decree
   and may order execution to issue for such amount as justice requires.

In a proceeding to determine the amount due as arrears from a divorced
   man to his former wife for a period during which he made no payments
   under a decree requiring him to make periodic payments to her for
   the support of their minor son and minor daughter, certain findings,
   as to the property and income of the former wife and as to the cir-
   cumstances and amounts of payments made under the decree during
   a previous period when the son was serving in the navy and was self
   supporting, justified a determination that the amount due did not
   exceed an amount which should have been paid for the daughter's
   support.

Petition, filed in the Probate Court for the county of
Middlesex on November 13, 1947.

The case was heard by *Poland*, J.

*J. M. Fogarty*, for the petitioner.

*J. G. Bryer*, for the respondent.

Dolan, J.    This petition for execution, filed on November
13, 1947, to enforce a decree for support entered in divorce
proceedings between the parties in the Probate Court,

comes before us on the appeal of the petitioner from the decree entered thereon.

The evidence is not reported but the judge made a report of the material facts found by him, which appears on its face to contain all of the material facts upon which he based his decision. They may be summed up as follows: On October 14, 1932, a decree nisi of divorce from the respondent here was entered in favor of the present petitioner. The parties will be referred to hereinafter as the libellant and the libellee, respectively. The decree nisi, which became absolute in due course, granted the custody of the two children of the parties, a boy born September 28, 1925, and a girl born June 1, 1928, to the libellant. By a decree entered on December 22, 1938, the libellee was ordered to pay to the libellant $25 a week for the support of the children. This decree remained in effect until June 20, 1947, when upon the petition of the libellee for modification it was decreed that "so much of said decree dated December 22, 1938, as relates to the order for the maintenance of their minor children be and the same is hereby revoked; that said libellee pay to said libellant for the maintenance of Sibyl Kuhnle, their minor child the sum of twenty dollars each Saturday hereafter beginning June 21, 1947; and except as herein modified said decree be affirmed." The libellee had complied with the original decree for support until September 28, 1946, when the minor son of the parties became of age. The libellee then paid nothing until the decree of modification was entered on June 20, 1947. The arrears claimed by the libellant as being due under the 1938 decree amounted to $950. The facts found by the judge as being the grounds of the libellee's defence to the present petition are that the son was in the United States navy from September 28, 1943, to March 15, 1946, and was during that period self supporting; that the libellant did not notify him of that fact; that she received and collected the weekly checks of $25 during the period of the son's service in the navy with the notation that the checks were for the support of both children; that the libellee learned of

the son's naval service on or about September 28, 1946, and then stopped payments under the original decree; and that from March 15, 1946, until the son became of age on September 28, 1946, the libellant supported him. The judge also found that the libellant owns real estate worth $13,000 and investments of the value of $17,000, and has an income of $1,500; that the original decree ordering the libellee to pay $25 a week was for the support of both children; that that decree imports that the children were to share equally in the weekly payments; and that on this assumption during the one hundred twenty-eight weeks' period of the son's service in the navy the libellant collected from the libellee $1,600, computed at $12.50 a week, on account of support of the son, which she did not use and was not necessary for his support; and that that sum was paid by the libellee by reason of a mistake of fact induced by the libellant's failure to notify him of the son's self-supporting service and "her disingenuous acceptance of the $25 checks." The judge further found that the libellant supported the minor daughter from September 28, 1946, until June 28, 1947, and ruled that under the original decree the libellee was obligated to pay to the libellant $487.50, being at the rate of $12.50 weekly for thirty-nine weeks.

On March 30, 1948, the judge entered a decree on the present petition finding that there was due from the libellee and remained unpaid under the original decree (dated December 22, 1938) the sum of $487.50, and ordered that execution issue in favor of the libellant in that sum together with $5.23 as costs and expenses.

The libellant contends that in the present proceeding the judge was foreclosed by the decree of modification entered on June 20, 1947, from considering any matters that resulted in the entry of that decree, that is, that he was limited at the hearing of the present petition to the consideration only of matters occurring after its entry; and that thereby it became adjudicated and established that there was then due from the libellee the sum of $950 on account of arrears under the 1938 decree. In the alterna-

tive the libellant contends that the judge was not warranted in the conclusion that the decree of 1938, that there be paid for the support of both children the sum of $25 weekly, imported that the amount for the support of the daughter was at the rate of $12.50 weekly.

We do not sustain the first two of the foregoing contentions. The alternative contention is of no moment. In his report of facts the judge ruled rightly that the decree of modification entered June 20, 1947, did not affect the rights of the parties in the present proceeding. The decree of modification was prospective in character and not retrospective. Except as thus modified the original decree in specific terms was affirmed. The decree of modification did not adjudicate whether or not any sum was due from the libellee by way of arrears under the original decree for support. It is of course fully settled that arrears under decrees for support are not absolute debts, *Knapp* v. *Knapp*, 134 Mass. 353, 355, and that an adjudication of the amount due thereunder may only be made in appropriate separate proceedings. *Lyon* v. *Lyon*, 318 Mass. 646, 649. The present petition for an execution to enforce the original decree of divorce is an appropriate proceeding in which to determine the amount due and payable. *Knapp* v. *Knapp*, 134 Mass. 353, 354. *McIlroy* v. *McIlroy*, 208 Mass. 458, 465. And, as stated in the case last cited (page 465), in the present case the judge could consider any facts that had occurred since the making of the original order, and, if he found that justice so required, could order execution to issue for only a part of the unpaid arrears. Since the decree of modification, as we have already pointed out, adjudged nothing concerning the arrears under the original order, the judge was not limited to the consideration of facts that occurred after the entry of the decree of modification. Elaboration of the broad powers of the courts having jurisdiction of divorce or separate support proceedings to revise and alter at any time orders for support under the governing statutes (see G. L. [Ter. Ed.] c. 208, § 37, and G. L. [Ter. Ed.] c. 209, §§ 32, 33) is un-

necessary. The whole subject was considered in *Watts* v. *Watts*, 314 Mass. 129, 133, 137, with citation of authorities, in the light of which on the facts found by the judge we perceive no error in his decision. See *Briggs* v. *Briggs*, 319 Mass. 149, 152. The contention of the libellee that the judge erred in ordering the execution to issue in any amount cannot be considered by us since the libellee has not brought any appeal from the decree in question to this court. *May* v. *Gates*, 137 Mass. 389, 390. *Rollins* v. *Gould*, 244 Mass. 270, 273. *Coe* v. *Coe*, 313 Mass. 232, 233–234, and cases cited.

*Decree affirmed.*