NADINE C. HARRIS *v.* DONALD HARRIS
(5714)

DALY, BIELUCH and FOTI, Js.

Argued February 17—decision released May 10, 1988

*Philip K. Meister,* with whom, on the brief, was *Michael E. Grossmann,* for the appellant (defendant).

*Deborah S. Chang,* with whom, on the brief, were *Ernest J. Mattei* and *Jonathan D. Hatch,* for the appellee (plaintiff).

DALY, J. The defendant husband appeals from the trial court's order denying his motion to dismiss or vacate the plaintiff wife's action to enforce made pursuant to the Uniform Enforcement of Foreign Judgments Act (UEFJA), General Statutes § 52-604 et seq. We find no error.

The essential facts are not in dispute. On July 23, 1982, the parties were divorced nisi in Brookline, Massachusetts. The July 23 judgment, which became absolute on January 24, 1983, ordered, inter alia, the husband to make periodic alimony and child support payments in the amount of $600 per week. The defendant subsequently changed his residence to Connecticut.

Upon nonpayment by the defendant, the plaintiff brought a contempt action in Massachusetts. On November 28, 1984, the plaintiff obtained a judgment of contempt, and arrearages were fixed at $4200. The plaintiff then filed the Massachusetts contempt order, and sought to collect the arrearage in Connecticut. Gen-

eral Statutes § 52-605.[1] By decision dated October 22, 1985, the trial court, *Covello, J.,* held that the Massachusetts contempt order was not a final nonmodifiable money judgment under Massachusetts law and, therefore, was unenforceable under the UEFJA.

Thereafter, on April 3, 1986, the plaintiff obtained an order in Massachusetts that converted the arrearages of $6800 into a final, nonmodifiable money judgment and issued an execution to enforce the order. The plaintiff instituted a second enforcement action in Connecticut on December 12, 1986. The trial court denied the defendant's motion to vacate,[2] ruling that the Massachusetts court's order that execution issue on the judgment was a final judgment within the meaning of General Statutes § 52-605, and thus entitled to full faith and credit pursuant to § 52-605.

General Statutes § 52-605 permits a creditor to file a foreign judgment in Connecticut in order for it to be enforced as if the judgment was rendered in this state. A foreign judgment, as defined in § 52-604, is a "judg-

---

[1] General Statutes § 52-605 provides in relevant part: "(a) A judgment creditor shall file, with a certified copy of a foreign judgment, into the court in which enforcement of such judgment is sought, a certification that the judgment was not obtained by default in appearance or by confession of judgment, that it is unsatisfied in *whole or in part,* the amount remaining unpaid and that the enforcement of such judgment has not been stayed and setting forth the name and last-known address of the judgment debtor.

"(b) Such foreign judgment shall be treated in the same manner as a judgment of a court of this state. A judgment so filed has the same effect and is subject to the same procedures, defenses, and proceeding for reopening, vacating or staying as a judgment of a court of this state and may be enforced in like manner." (Emphasis added.)

[2] The defendant moved to "dismiss or vacate" the plaintiff's filing under the UEFJA. The trial court treated the motion as a motion to dismiss under Practice Book § 143. Because a foreign judgment filed pursuant to the UEFJA has the same effect as a judgment of a court of this state, its enforceability is properly challenged by way of proceedings which are postjudgment in nature, such as a motion to open, vacate, or stay the judgment. General Statutes § 52-605 (b).

ment, decree or order of a court of the United States or any other court which is entitled to full faith and credit in the state. . . . " It is essential, however, that in order to be entitled to full faith and credit, the foreign judgment must be a final judgment. "The judgment rendered in one state is entitled to full faith and credit only if it is a final judgment, and the judgment is final only if it is not subject to modification in the state in which it was rendered." *Hendrix* v. *Hendrix,* 160 Conn. 98, 104, 273 A.2d 890 (1970); see *Barber* v. *Barber,* 323 U.S. 77, 80, 65 S. Ct. 137, 89 L. Ed. 82 (1944).

We are guided by *Walzer* v. *Walzer,* 173 Conn. 62, 376 A.2d 414 (1977), in examining which judgments in the context of divorce are entitled to full faith and credit. In *Walzer,* the parties obtained a divorce in Idaho in 1965 and subsequently modified the judgment in New York in 1970. Upon nonpayment by the defendant, the plaintiff sought enforcement of the New York order. Our Supreme Court held that the New York order was not entitled to full faith and credit because, under New York law, the judgment was subject to modification with respect to amounts past due. The court stressed that in order to enforce the judgment, a judgment fixing the amount of the arrearage must be obtained. The effect of fixing the amount of the arrearage is that " 'the judgment for a liquidated sum . . . will be final and thus will be entitled to full faith and credit in all other states.' " Id., 72.

In Massachusetts, the Probate Court has the power to modify a support order by a complaint for contempt or a complaint for modification. *Pemberton* v. *Pemberton,* 9 Mass. App. 9, 13, 411 N.E.2d 1305 (1980). Furthermore, this power to modify pertains to future payments as well as to arrearages.[3]

---

[3] It was on this facet of Massachusetts law, that the original action to enforce failed.

In the present case, the plaintiff went to court and converted the arrearage into a final, nonmodifiable money judgment. Moreover, the plaintiff was issued an execution to enforce the order. The plaintiff, by obtaining both final orders, made the judgment impervious to modification and therefore took the necessary step in entitling her case to full faith and credit under Connecticut law. See *Sawyer* v. *Kuhnle,* 324 Mass. 53, 56, 84 N.E.2d 546 (1949); *Boston* v. *Santosuosso,* 308 Mass. 202, 211, 31 N.E.2d 572 (1941).

Accordingly, the defendant's motion was properly denied because there was a final judgment rendered in Massachusetts.

There is no error.

In this opinion the other judges concurred.