[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff seeks to amend its complaint in order to bring its action pursuant to the Uniform Enforcement of foreign Judgment Act, General Statutes 52-605. The plaintiff initially brought its action pursuant to 52-607, which allows for a common law action to enforce a foreign judgment.
Section 52-605 provides that where a judgment creditor files a certified copy of a foreign judgment in the court in which enforcement of the judgment is sought, and certifies that this judgment was not obtained by default in appearance or by confession of judgment, then the foreign judgment is treated in the same manner as a judgment rendered in a Connecticut court. General Statutes 52-605(a) and (b); see Harris v. Harris,14 Conn. App. 384, 386-87, 540 A.2d 1079 (1988); see also Kaehler v. Duncan, 4 CSCR 811 (October 12, 1989, Thompson, J.). The creditor must also certify that the judgment is unsatisfied in whole or in part, the amount remaining unpaid and that enforcement of the foreign judgment has not been stayed. General Statutes 52-605(b); see Guilford Yacht Club Assn. v. Northeast Dredging, Inc., 192 Conn. 10, 12 n. 6, 468 A.2d 1235
(1984).
A judgment filed pursuant to 52-605 is conclusive of the defendant's indebtedness and is not subject to collateral attack locally, but must be given full faith and credit. Seaboard Surety Co. v. Waterbury, 38 Conn. Sup. 468, 471, 451 A.2d 291
(App. Sess. 1982). The 52-605 proceeding is a codification of the common-law rule of res judicata. Id., 470-71. Because a foreign judgment filed pursuant to the UEFJA has the same effect as a judgment of a Connecticut court, its enforceability is CT Page 7559 properly challenged by way of proceedings which are postjudgment in nature, such as a motion to open, vacate, or stay the judgment. Harris v. Harris, supra, 386 n. 2; General Statutes52-605(b).
On the other hand, where the foreign judgment was obtained by default or confession of judgment, General Statutes 52-607
expressly reserves to the judgment creditor a common law right to bring an independent action on the judgment. Unlike a52-605 action, the independent action under 52-607 allows the debtor to collaterally attack the foreign judgment by establishing facts that would render that judgment void. Seaboard Surety Co. v. Waterbury, supra, 472; see also Norman I. Krug Co. v. Bowman, 5 CSCR 490, 491 (May 31, 1990, Landau, J.).
The plaintiff is allowed to amend its complaint and bring its action pursuant to the UEFJA, 52-605, as long as the judgment was not obtained by default or upon a confession of judgment. The issue of whether the defendant can collaterally attack the judgment is immaterial, as under the UEFJA, such an attack can only be made in the foreign court which entered the judgment.
LEHENY, JUDGE