[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The facts as alleged in the pleadings are that the plaintiff, John Thomas, entered into a written one-year contract of employment with the defendants, Conn. Linen Supply Co., Inc. and White Plains Coat Apron Co., Inc. in 1989. The plaintiff alleges that the employment contract was annually renewed by the parties in 1990, 1991, and 1992. The plaintiff further alleges that he was wrongfully terminated on February 28, 1993, approximately three months prior to the expiration of his employment contract. The plaintiff alleges that he repeatedly demanded payment of his remaining salary due from the defendants, but has not been paid.
In addition to the written employment contract, the plaintiff alleges that he and the defendants entered into a CT Page 3395 further agreement on July 1, 1991, that the plaintiff would be compensated by commissions for any sales earned in the State of Vermont. The plaintiff further alleges that though he has repeatedly demanded payment of the commissions due by the defendants for his Vermont sales, he has not been paid.
The plaintiff filed suit against the defendants on December 16, 1993. On May 3, 1994 the plaintiff filed a ten-count first amended complaint claiming that the defendants breached their agreements with the plaintiff; that they were unjustly enriched at the expense of the plaintiff; and, that they violated General Statutes § 31-71a et seq.[1] The plaintiff seeks monetary damages; double damages and attorneys' fees pursuant to General Statutes §§ 31-68 and 31-72; interest; and, any other relief the court deems just and equitable.
The defendants filed a motion for summary judgment on November 1, 1994, on the grounds of full faith and credit; collateral estoppel; and, res judicata. On that same date the defendants additionally filed an affidavit of David S. Poppick, their attorney; a certified copy of the summons and complaint brought against the plaintiff by the defendants in an action commenced in the State of New York; the written contract between the parties; a copy of the service of process on the plaintiff by the defendants in the New York action; a certified copy of the New York trial court's decision on the motion to dismiss filed by the plaintiff in the New York action; a certified copy of the New York trial court's judgment against the plaintiff in the New York action; a copy of the foreign judgment against the plaintiff in the New York action filed in Connecticut; and, a memorandum in support of the defendants' summary judgment motion. The plaintiff filed an objection to the defendants' motion; an affidavit of the plaintiff; a letter of David S. Poppick; two letters of the plaintiff's attorney, Andrew J. Morrisey; and, a memorandum of law in opposition to the defendants' motion on November 21, 1994.
"Summary judgment procedure, generally speaking, is an attempt to dispose of cases in a manner which is speedier and less expensive for all concerned than a full-dress trial."Orenstein v. Buckingham Corporation, 205 Conn. 572, 574,534 A.2d 1172 (1987). "The test is whether a party would be entitled to a directed verdict on the same facts." Batick v.Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982). CT Page 3396
"In the trial court, the movant bears the burden of demonstrating that there is no genuine issue of material fact."Batick v. Seymour, supra, 186 Conn. 647. "[T]he moving party for summary judgment is held to a strict standard . . . of demonstrating his [or her] entitlement to summary judgment."Kakadelis v. DeFabritis, 191 Conn. 276, 282, 464 A.2d 57 (1983). "To satisfy [t]his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Plouffe v. New York, N.H. H.R. Co., 160 Conn. 482,488, 280 A.2d 359 (1971). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Strada v. ConnecticutNewspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005 (1984).
"Because res judicata or collateral estoppel, if raised, may be dispositive of a claim, summary judgment [is] the appropriate method for resolving a claim of res judicata."Jackson v. R.G. Whipple Inc., 225 Conn. 705, 712, 627 A.2d 374
(1993).
The defendants set forth three grounds for their summary judgment motion: full faith and credit; res judicata; and, collateral estoppel. All three grounds are based on a declaratory judgment action brought by the defendants against the plaintiff in the State of New York, which, the defendants argue, raised the same claims and concerned the same issues as the present Connecticut action. The plaintiff argues that the New York action was not litigated on the merits; the claims raised by the plaintiff have not yet been resolved; the plaintiff never had an opportunity to fully and fairly litigate the New York action; and, that as the foreign judgment is not a "money judgment", full faith and credit under General Statutes § 52-605[2] does not apply.
The arguments will be discussed in the order set forth by the defendants. The defendants first argue that,
 [u]nder the full faith and credit clause of the Constitution of the United States, Article IV Section 1, and its implementing statute, 28 U.S.C. § 1738, the judicial proceedings of a state must be given full faith and credit in every other state and the judgment of a sister state must be given the same effect here as it has in the state where it was rendered. CT Page 3397
The plaintiff maintains that the defendants improperly rely on General Statutes § 52-605 which governs enforcement by "judgment creditors" of foreign judgments.
Connecticut's Uniform Enforcement of Foreign Judgments Act, General Statutes § 52-604 et seq. ("UEFJA"), is a means by which a "judgment creditor" may enforce a foreign judgment in Connecticut by attaching property, wages, or otherwise collect the debt owed by a "judgment debtor", as determined by a foreign court. Harris v. Harris, 14 Conn. App. 384, 540 A.2d 1079
(1988); Seaboard Surety Company v. Waterbury, 38 Conn. Sup. 468,451 A.2d 291 (App. Sess. 1982). The foreign judgment at issue in this case, obtained in New York, is the result of a declaratory judgment action which the defendants filed against the plaintiff, requesting a declaration of the rights and responsibilities of the parties rising out of the employment relationship that existed between them from 1989 to 1993. In that action, the defendants claimed that a one year employment contract was entered into by the parties in 1989, and that at the expiration of the one year contract period, the yearly agreement was not renewed, although employment of the plaintiff continued, ostensibly on an at-will basis. The defendants further claimed that upon the plaintiff's termination, a termination settlement was reached whereby the plaintiff would receive a certain amount of severance pay and benefits to which the plaintiff agreed. The defendants further claimed that following payment of the termination benefits and severance pay, the plaintiff informed the defendants that certain monetary amounts earned during his employment with defendants were due the plaintiff. The defendants sought to have the matter decided by the New York court and filed the declaratory judgment action.
Approximately one month following the commencement of the New York action, the plaintiff commenced an action in Connecticut, against Conn. Linen Supply Co., Inc. only, for violation of § 31-71a et seq. The plaintiff then moved to dismiss the New York declaratory judgment action. The defendant maintains that the plaintiff's motion to dismiss was based "on the grounds that [the defendants] failed to state a cause of action." The plaintiff maintains that he "was able to retain counsel for the limited purpose of moving to dismiss the New York action in favor of the Connecti[cut] action." The court has not been supplied with a copy of the plaintiff's motion to dismiss filed in the New York action. The court has, however, CT Page 3398 been supplied with the New York court's order denying the plaintiff's motion to dismiss, which states,
 [u]pon foregoing papers it is ordered that this motion is denied. The only effective means whereby plaintiffs could test whether the contract at issue is no longer binding is by way of a declaratory judgment action. That defendant subsequently brought a breach of contract action in another for[u]m is no basis for granting the relief sought. Our jurisdiction is not so evanescent.
(Def. Ex. B.)
Following the New York court's denial of the plaintiff's motion, the plaintiff failed to further appear in the New York action, and, in fact, never filed an answer to the defendants' complaint against him. The defendants moved for judgment against the plaintiff in the New York action, which was granted by the New York court, Coppola J., and judgment entered in their favor on July 1, 1994. (Def. Ex. C.) The judgment states the following,
 Plaintiffs White Plains Coat Apron Co., Inc. and Connecticut Linen Supply Co., Inc., having moved by notice of motion, dated May 17, 1994, and upon the summons and verified complaint, dated October 20, 1993, and the affirmation of the plaintiffs' attorney David S. Poppick, Esq., dated May 16, 1994, and the exhibits annexed thereto, for an Order, pursuant to CPLR 3215(a)[3], directing entry of judgment in favor of the plaintiffs and against defendant; and
Said motion having been unopposed; and
 Due deliberation having been had thereon, and a written Order having been rendered by Hon. Matthew F. Coppola, J.S.C., dated June 30, 1994, and entered July 1, 1994, granting the plaintiffs' motion.
 NOW, on motion of Epstein Becker Green, P.C., attorneys for plaintiffs, White Plains Coat Apron Co., Inc. and Connecticut Linen Supply Co., Inc., it is CT Page 3399
 ORDERED, ADJUDGED AND DECREED, that the plaintiffs' motion is granted as against defendant John Thomas in all respects; and it is further
 ORDERED, ADJUDGED AND DECREED, that the declaratory relief requested in the plaintiffs' complaint is granted in all respects, with prejudice; and it is further
 ORDERED, ADJUDGED AND DECREED, that the employment contract between plaintiffs and Thomas, dated April 17, 1989 (the "Employment Contract") terminated on June 5, 1990, at the conclusion of the one-year employment period described therein; and it is further
 ORDERED, ADJUDGED AND DECREED, that all of the liability and obligations under the Employment Contract ceased and terminated upon the termination of the one-year employment period described therein; and it is further
 ORDERED, ADJUDGED AND DECREED, that Thomas' claim for any payment from plaintiffs is barred by the doctrines of equitable estoppel, waiver, laches, compromise and settlement; and it is further
 ORDERED, ADJUDGED AND DECREED, that the Clerk of the Court is hereby directed to enter judgment in favor of plaintiffs, White Plains Coat Apron Co., Inc., and Connecticut Linen Supply Co., Inc., with their principal place of business located at 411 Highland Avenue, Peekskill, New York 10566, and against defendant John Thomas, residing at 110 Creekside Drive, Hutto, Texas 78634, accordingly.
(Def. Ex. C.)
In this case the foreign judgment at issue did not determine that the defendants are "judgment creditors", but, rather, the judgment determined that the defendants are not "judgment debtors". In a case such as this there becomes no need to register the judgment under the UEFJA, as there can be no actual enforcement of a judgment to secure payment of a debt where none exists. Therefore what is left to guide the court in such a case is the full faith and credit clause of the United CT Page 3400 States Constitution.
Article IV, #1, of the United States constitution provides that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof." Congress by the act of May 26, 1790, chapter 11, as amended, R.S. #905, 28 U.S.C. #687, has prescribed that judgments "shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State from which they are taken."
Walzer v. Walzer, 173 Conn. 62, 66, 376 A.2d 414 (1977).
The defendants next argue that the doctrines of res judicata and collateral estoppel bar the present action, as the plaintiff's claim has already been litigated in the New York action which resulted in judgment for the defendants in this case. The plaintiff argues that collateral estoppel, and not res judicata, governs the foreign judgment in this case. The plaintiff relies on Jackson v. R.G. Whipple, supra, 225 Conn. 705, as authority for its position.
 [W]e note that the terms res judicata and collateral estoppel refer to the concepts of claim preclusion or issue preclusion respectively. Both claim preclusion and issue preclusion express no more than the fundamental principle that once a matter has been fully and fairly litigated, and finally decided, it comes to rest. . . . Although claim preclusion and issue preclusion often appear to merge into one another in practice, analytically they are regarded as distinct. Claim preclusion prevents a litigant from reasserting a claim that has already been decided on the merits. . . . Issue preclusion, prevents a party from relitigating an issue that has been determined in a prior suit.
(Citations omitted; internal brackets omitted; internal quotation marks omitted.) Id., 712, 713. "The rule of claim preclusion [res judicata] prevents reassertion of the same claim even though additional or different evidence or legal theories might be advanced in support of it." Id., 713 n. 4. "Collateral CT Page 3401 estoppel, or issue preclusion, is that aspect of res judicata which prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action between the same parties upon a different claim." Id., 714. A thorough review of the defendants' complaint in the New York action, and the plaintiff's complaint in the present action reveals that the parties' claims in both actions are the same. The defendants' claim in the New York action was that nothing further was owed to the plaintiff rising out of the employment relationship which existed between them from April 17, 1989 to February 8, 1993. The plaintiff's claims in the present action are that the defendants owe him certain monetary amounts earned during his employment relationship with the defendants which existed between April 17, 1989 and February 8, 1993. This is the same claim, res judicata and not collateral estoppel applies to the present action. "The doctrine of res judicata [applies] . . . as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction . . . and promotes judicial economy by preventing relitigation of issues or claims previously resolved." (Citations omitted; internal quotation marks omitted.)Commissioner, Environmental Protection v. Connecticut BuildingWrecking, 227 Conn. 175, 188, 629 A.2d 1116 (1993).
The plaintiff further argues that,
 Connecticut is a jurisdiction that does not have a compulsory counterclaim rule. P.B. 116. The fact that the Plaintiff, John Thomas, did not assert a counterclaim against the plaintiff in the first action (the defendant in the current action) does not preclude his assertion of the present action against the defendant in Connecticut. Hansted v. Safeco Insurance Company of America, 19 Conn. App. 515, 520
n. 4, 562 A.2d 1148, 1151, Cert. denied 212 Conn. 819, 565 A.2d 540 (1989).
 Under claim preclusion analysis, a claim — that is, a cause of action — includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. . . . Moreover, claim preclusion prevents the pursuit of any claims relating to the same cause of action which were actually made or might CT Page 3402 have been made. . . . What factual grouping constitutes a "transaction," and what groupings constitute a "series," are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties expectations or business understanding or usage. . . . In applying the transactional test, we compare the complaint in the second action with the pleadings and the judgment in the earlier action. . . . [T]he preclusive effect of the doctrine of res judicata is triggered even if the plaintiff is prepared in the second action . . . [t]o seek remedies or forms of relief not demanded in the first action.
(Citations omitted; internal quotation marks omitted.)Commissioner Environmental Protection v. Connecticut BuildingWrecking, supra, 227 Conn. 188-92. A close examination of the complaint and judgment in the first action, supplied by the defendants as evidence with their motion for summary judgment, compared with the complaint in the present action can result in no other conclusion than that all of the plaintiff's claims in the present action arise out of the same employment relationship during the same time period as alleged in the New York action. Indeed, the parties claims in both suits are merely different versions of the same story. In the present action there are no new or additional claims arising out of any transaction or series of connected transactions other than the employment relationship which existed between the parties from 1989 to 1993, and, therefore, the plaintiff's claims are barred under the "transaction test" of the doctrine of res judicata as set forth above.
Finally, the plaintiff argues that he "was not offered a full and fair opportunity to litigate in New York for purposes of claim preclusion or issue preclusion under the analysis set forth in Jackson, supra."
 We have held that the preclusive effects of res judicata and collateral estoppel depend upon the existence of a valid, final judgment on the merits by a court of competent jurisdiction. We appear, however, never to have addressed the precise issue of whether a judgment upon default in a prior action is CT Page 3403 one "on the merits" and thus a final judgment entitled to be given res judicata effect in a subsequent action. . . . We agree with the settled law in the federal system and in almost every state: a judgment of a court having jurisdiction of the parties and of the subject matter operates as res judicata in the absence of fraud or collusion even if obtained by default, and it is just as conclusive an adjudication between the parties of whatever is essential to support the judgment as when rendered after answer and complete trial. . . . The same rule applies where . . . the prior action is an action to quiet title to land . . . and where the prior action was in the form of a declaratory judgment.
(Citations omitted.) Slattery v. Maykut, 176 Conn. 147, 157,405 A.2d 76 (1978). The plaintiff here has not alleged that the New York court lacked personal or subject matted jurisdiction, or that the foreign judgment was obtained through fraud or collusion.
Accordingly, viewing the evidence in the light most favorable to the plaintiff, the defendants have satisfied their strict burden on a summary judgment motion; Kakadelis v.DeFabritis, supra, 191 Conn. 282; and, further, the doctrine of res judicata and the constitutional mandate of full faith and credit require the court to enter judgment on behalf of the defendants in this case.
The defendants' motion for summary judgment is granted.
WILLIAM J. SULLIVAN, J.