[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By way of a brief background, the plaintiff and the defendant were formerly married. As a result of a proceeding for the dissolution of their marriage brought in Arizona, the plaintiff obtained a series of four money judgments against the defendant in that State. These judgments, as evidenced by a writ of execution issued in Arizona, are all final, and are in the total sum of $106,058.61, including interest, through February 23, 1996. None of the judgments were obtained by default of appearance or by confession of judgment; also, none of the judgments, save one, represent an order for payment for support or alimony.[1]
Pursuant to the Uniform Enforcement of Foreign Judgments Act (hereinafter "UEFJA"), C.G.S. § 52-604 et seq., the plaintiff has registered these judgments in this State, by filing certified copies of the judgments and a certified copy of the writ of execution, with the Clerk of the Superior Court. Incident thereto, the plaintiff has previously secured an ex parte
temporary restraining order enjoining the defendant from transferring or withdrawing any funds maintained in a bank account in the defendant's name at the Bank of Darien, in Darien, Connecticut.
There are several motions presently before this court. The plaintiff has now moved that a writ of execution issue from this court against the funds belonging to the defendant in the subject bank account. The defendant has moved for sanctions against the plaintiff and/or her counsel, for reasons discussed below, and has moved to dissolve the ex parte temporary restraining order issued by the court (Harrigan, J.). CT Page 3877
In addition to the facts recited above, this court finds the following facts as the result of an evidentiary hearing on these motions held on April 8, 1996. For some time prior to and during 1995, the plaintiff and the defendant were the owners of certain real property in the State of Arizona. The judgments in favor of the plaintiff against the defendant had been rendered and were unsatisfied. As a potential method of satisfying these obligations, the plaintiff and the defendant entered into, in 1995, an agreement, which was to be held in escrow by a title company, for the sale of this property to a third party. The general substance of the agreement between the plaintiff and the defendant was that the plaintiff would receive sufficient funds from the immediate net proceeds of the sale, and from mortgage payments to be made thereafter by the third party to the plaintiff, as a credit against the defendant's obligations under said judgments.
This escrow transaction for the sale of the property has never closed with the third party. Though there was some testimony concerning an eleventh hour lien which thwarted the closing, this lien was apparently uncontemplated by either party. The court makes no finding that it was the responsibility of the plaintiff to clear this lien so as to allow the closing to proceed; nor does this court make a finding that the defendant's obligations to the plaintiff were discharged simply by entering into the escrow transaction, or that the plaintiff released the defendant from his judgment obligations in the event that, as happened here, the escrow did not close.
The UEFJA states that foreign judgments, as defined, "shall be treated in the same manner as a judgment of a court of this state. A judgment so filed has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating or staying as a judgment of a court of this state and may be enforced or satisfied in like manner." See C.G.S. § 52-605
(b). See also, Harris v. Harris, 14 Conn. App. 384 (1988). The defendant has not disputed the application of the UEFJA to this situation, and has acknowledged the existence of these judgments.
The defendant has, instead, asserted a defense to the enforcement of these judgments in his motion for sanctions.[2]
The defendant claims that sanctions are required because the plaintiff and her counsel failed to disclose the circumstances of CT Page 3878 the Arizona escrow to the court when application for a temporary restraining order was made.
The evidence offered does not persuade this court that the plaintiff intended and agreed to release and discharge the defendant from his judgment obligations, even if the escrow transaction were not to close. The defendant's posture that he could wash his hands of the entire matter once he executed the escrow, is incorrect. The court does not doubt that the parties may have hoped that the escrow would close and monies would be forthcoming from the sale of the property. However, it is too large a leap for this court to make that, from these hopes now dashed, the plaintiff was willing to shoulder solely the burden of the aborted closing. There has been no persuasive showing that the plaintiff agreed to release and discharge the defendant in the absence of a consummated closing. There was no credible evidence of this, and the court declines to find the same as fact. The defendant's evidence lacks probative force in this regard. McNamee v. Woodbury Congregation of Jehovah's Witnesses,194 Conn. 645, 648 (1984).
For the foregoing reasons, the plaintiff's motion for execution is granted; the defendant's motion for sanctions and motion to dissolve temporary injunction are denied.
By the Court:
JOHN F. KAVANEWSKY, JR. JUDGE