## SUZANNE L. WHITE *v.* THOMAS A. WHITE
### (14779)

Foti, Lavery and Landau, Js.

Argued March 25—officially released August 27, 1996

*Dianne M. Andersen*, with whom, on the brief, was *Susan Williams*, for the appellant (defendant).

*Jeffrey Arlen Spinner*, for the appellee (plaintiff).

LAVERY, J. The defendant appeals from the judgment of the trial court denying his motion to strike the plaintiff's complaint. On appeal, the defendant claims that the trial court improperly (1) concluded that the plaintiff stated a claim under General Statutes § 46b-70, and (2) declined to consider the issue of the applicable statute of limitations in the defendant's motion to strike. We conclude that the denial of a motion to strike is not a final and appealable judgment and we, therefore, dismiss the appeal.

The pleadings and other documentary information presented to the trial court reveal the following facts. On October 12, 1994, the plaintiff filed a two count complaint against the defendant to recover past due child support. In the first count, the plaintiff alleges

that on June 17, 1975, a New York state court rendered judgment dissolving the parties' marriage and ordered the defendant to pay $50 per week in child support. The defendant did not appear in those proceedings, and the judgment was entered on default. On December 13, 1984, the Family Court of the state of New York modified the child support judgment to $100 per month due to the emancipation of one of the children. The Family Court's judgment indicates that the defendant appeared before the court in the support modification proceeding. The plaintiff claims that the judgment and subsequent order are valid, binding and final under the laws of the state of New York, have not been appealed or vacated and are entitled to full faith and credit in Connecticut. In the second count, the plaintiff alleges that the defendant has failed to pay $216,738.80 in child support.

On November 21, 1994, the defendant filed a motion to strike the plaintiff's complaint on the ground that it fails to state a claim on which relief can be granted. The defendant claimed that (1) the New York judgment cannot be rendered valid under General Statutes § 46b-70 because he did not appear in the divorce, (2) the plaintiff has failed to reduce any child support arrearage to a final money judgment in order for it to be subject to full faith and credit under Connecticut law, and (3) the plaintiff's action is barred by the New York statute of limitations.

The trial court denied the defendant's motion to strike. The trial court found that the plaintiff alleged sufficient facts demonstrating that the defendant appeared in the December 13, 1984 support proceeding. The court also held that the defendant's statute of limitations claim must be pleaded as a special defense, not raised in a motion to strike. The court concluded that the plaintiff stated a claim on which relief could be granted. This appeal followed.

As a threshold matter, we must first consider the question of whether this appeal is properly before us. "Because our jurisdiction over appeals, both criminal and civil, is prescribed by statute, we must always determine the threshold question of whether the appeal is taken from a final judgment before considering the merits of the claim." *State* v. *Curcio*, 191 Conn. 27, 30, 463 A.2d 566 (1983). "Limiting appeals to judgments that are final serves the important public policy of minimizing interference with and delay in the resolution of trial court proceedings." *Madigan* v. *Madigan*, 224 Conn. 749, 752–53, 620 A.2d 1276 (1993).

Although a trial court's decision on a motion to strike is an interlocutory order, our Supreme Court has determined "certain interlocutory orders and rulings of the Superior Court to be final judgments for purposes of appeal. An otherwise interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." *State* v. *Curcio*, supra, 191 Conn. 31. Generally, the denial of a motion to strike does not constitute a final judgment because it neither terminates a separate and distinct proceeding nor concludes the rights of the parties so that further proceedings could not affect them. *Breen* v. *Phelps*, 186 Conn. 86, 89, 439 A.2d 1066 (1982).

The defendant argues that *Harris* v. *Harris*, 14 Conn. App. 384, 540 A.2d 1079 (1988), implicitly supports his claim that the trial court's decision is a final judgment. In *Harris*, we entertained an appeal from the denial of a motion to vacate enforcement of a foreign judgment pursuant to the Uniform Enforcement of Foreign Judgments Act (act), General Statutes § 52-604 et seq. In our decision, we noted that a foreign judgment filed pursuant to the act has the same effect as a judgment

of a court of this state, and its enforcement is properly challenged by way of proceedings that are postjudgment in nature, such as a motion to open, vacate, or stay the judgment. Id., 386 n.2. We held that it is essential that a judgment fixing the amount of the arrearage must be for a liquidated sum and nonmodifiable in order to be entitled to full faith and credit. Id., 387. We concluded that the plaintiff sought to enforce a final, nonmodifiable judgment that was entitled to full faith and credit under Connecticut law. Id., 388. In *Harris*, we did not discuss whether the trial court's denial of the motion to vacate constituted a final judgment from which an appeal may be taken, although the trial court's decision that the foreign judgment is enforceable in this state left no issues for a trial court to resolve and, therefore, so concluded the rights of the parties that further proceedings could not affect them. *State* v. *Curcio*, supra, 191 Conn. 31.

In this case, the trial court did not decide (1) whether the plaintiff's judgment was properly reduced to a money judgment so that it is entitled to full faith and credit and (2) whether the plaintiff's claim is barred under the applicable statute of limitations. Further trial court proceedings are necessary to determine whether the foreign judgment is enforceable in Connecticut. We conclude, therefore, that the trial court's decision denying the defendant's motion to strike was interlocutory in nature and does not constitute a final judgment from which an appeal properly lies.

The appeal is dismissed.

In this opinion the other judges concurred.