[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an interpleader action, General Statutes § 52-484, Practice Book § 23-43,[1] brought by Attorneys Charles D. Rockwell and Michael A. Laux, involving $150,000 held by the Chief Clerk of this CT Page 15404 court. The defendants, who claim to be entitled to these funds' are Arthur O. Klein and Diane L. Klein, Collard Roe, P.C., a New York law firm, First American Title Company, and Kirk J. Straight and Nicole J. Straight.
This case began a number of years ago when Mr. Klein and Mr. Allison C. Collard, the principal attorney in Collard Roe, P.C., decided to merge their respective law firms, Klein Vibber, in Westport, and Collard Roe, from Roslyn, New York, both of which specialized in patent and trademark law. Mr. Klein and Mr. Collard then had a dispute about client funds and Mr. Collard began a law suit against Mr. Klein in the Supreme Court, Nassau County, New York, claiming that Mr. Klein misappropriated certain funds. Mr. Klein filed an appearance in this action, participated in pretrial proceedings, but failed to appear for the trial which was scheduled for December 4, 1994. He testified that the reason he did not appear for trial was because he had "removed" the case to a federal district court a day or two before the trial. Both district courts, one in Connecticut and the other in New York, however, rebuffed Mr. Klein's efforts. Mr. Klein then appealed to the United States Court of Appeals, Second Circuit, which affirmed the district courts, and then he attempted to interest the United States Supreme Court which denied certiorari.
In the meantime, the plaintiff obtained a judgment on February 28, 1997, against Mr. Klein and his law firm in the Supreme Court of New York, for $97,921. Mr. Klein appealed to the Appellate Division of the Supreme Court, Second Department, which dismissed the appeal on February 18, 1998.
On July 25, 1997, about five months after judgment was rendered against him in the New York action, Mr. Klein transferred his interest in the home where he lived and had a law office, located at 7 Half Mile Common, Westport, to his wife, Diane L. Klein. That transfer and another conveyance to his wife on February 12, 1998, of premises located at 391 North Main Street, Westport, are the subjects of Collard Roe, P.C. v.Arthur O. Klein, et al, CV 98 0164463, a fraudulent conveyance action, in which the attorney trial referee determined that both conveyances violated General Statutes § 52-552e, the Uniform Fraudulent Conveyance Act. This court's decision on that case is being issued simultaneously with this memorandum of decision.[2]
The premises at 391 North Main Street were sold on November 16, 1998, by a warranty deed from Mrs. Klein, to Kirk and Nicole Straight. First American Title Company (First American), which was hired to issue both an owners' and mortgagee title policies, noted an encumbrance on these premises, namely, the judgment lien filed by Mr. Collard and his firm on CT Page 15405 March 13, 1998. In order to clear the title and enable the Straights to proceed with the purchase, First American agreed to provide affirmative coverage over this encumbrance on the condition that $150,000 of the proceeds of sale be held in escrow pursuant to an Indemnification and Escrow Agreement dated November 16, 1998. This agreement was signed by both Mr. Klein and Mrs. Klein as well as the two attorneys. Subsequently, Attorneys Rockwell and Laux, who represented the seller, Mrs. Klein, and the purchasers, respectively, then commenced this interpleader action on May 24, 1999, and deposited the $150,000 they were holding with the Chief Clerk of this court on January 3, 2000, where the money is being held without interest pending resolution of this and the related cases.
On June 11, 1997, Mr. Collard commenced Collard Roe v. Klein, CV 97 0159239, in which a certified copy of the New York judgment was made a judgment of this court. See General Statutes § 52-605, the Uniform Enforcement of Foreign Judgments Act. The registered judgment is thereafter treated as a domestic judgment not subject to collateral attack, but rather a judgment to be given full faith and credit in this state. White v. White 42 Conn. App. 747, 749-50, 680 A.2d 1368 (1996). The amount of the judgment was stated to be $97,921 as of February 24, 1997.
Mr. Collard also brought an action to foreclose his judgment lien on 391 Main Street. Collard Roe v. Klein, CV 99 0170357. A judgment of strict foreclosure entered in that case on May 24, 1999 with a final law date of March 27, 2001.
The issue in this impleader action is to whom the $150,000 held by the Chief Clerk of this court should be paid. Mr. Collard and his law firm claim that they are entitled to approximately $125,000 of this amount because of their judgment lien.[3] Mr. and Mrs. Klein contend that the money belongs to them for several reasons. First, they claim that the New York judgment was a "default" judgment and thus not entitled to full faith and credit. Second, they claim that the property at 391 North Main Street was no longer in Mr. Klein's name at the time that the plaintiff's judgment lien was recorded on the land records. Third, they contend that they signed the Indemnification and Escrow Agreement on November 16, 1998 only because of fraudulent conduct on the part of First American. Fourth, the Kleins argue that a decision of the Connecticut Statewide Grievance Committee absolves Mr. Klein of all liability to Mr. Collard and his law firm. Fifth, the Kleins argue that Galvanik v. Skibitcky,55 Conn. App. 254, 257, 738 A.2d 1150 (1999), voids the escrow agreement between themselves and the two attorneys, and requires that the funds be turned back over to them. First American and the Straights are claimants in order to clear the title to 391 North Main Street. Finally, they claim CT Page 15406 that the other claimants violated General Statutes § 42-110b, the Connecticut Unfair Trade Practices Act (CUTPA) and General Statutes § 38a-815, the Connecticut Unfair Insurance Practices Act (CUIPA).
Taking up these arguments of the Kleins, the first point is that the judgment Mr. Collard obtained was not by reason of a "default of appearance." See General Statutes § 52-605, the Uniform Enforcement of Foreign Judgments Act. Mr. Klein filed an appearance and participated in the case in New York, but then failed to appear for a scheduled trial date. An "inquest" was then held which resulted in the entry of judgment against Mr. Klein for $97,921, which has been running at 10% interest since February 28, 1997. This judgment is entitled to full faith and credit pursuant to General Statutes § 52-605.
Mr. Klein contends that only Mrs. Klein owned 391 North Main Street on March 13, 1998, the day that Mr. Collard recorded his judgment lien, because Mr. Klein had quitclaimed his interest in this property to his wife on February 12, 1998. Apart from the dubious validity of the quit-claim deed because it lacked two witnesses, as was previously noted, the attorney trial referee in the fraudulent conveyance action recommended that the transfer to Mrs. Klein of her husband's interest should be vacated and set aside. In a memorandum of decision also being entered today, this court accepted that recommendation and is entering judgment accordingly.
The Indemnification and Escrow Agreement of November 16, 1998 that the Kleins both signed states explicitly and unambiguously that the Kleins knew that the judgment lien filed by Mr. Collard was an encumbrance on 391 North Main Street. They also knew that these premises could not be sold to the Straights that day unless First American issued a policy of title insurance containing "affirmative coverage over said encumbrance." They also understood that the only way that First American would do this would be if an escrow of $150,000 was created. The Kleins wanted to sell their property and this was the only way to do so. The claim that Mr. Collard and/or First American tricked the Kleins is farfetched indeed, particularly as Mr. Klein is an attorney and both of them are very definitely intelligent and experienced in real estate matters. Furthermore, the Kleins were represented by an attorney at the closing and Mr. Klein participated in negotiating the terms of the Agreement.
Mr. Collard filed a complaint against Mr. Klein with the Statewide Grievance Committee related to Mr. Klein's alleged misappriation of client funds. The Committee decided that there was insufficient evidence to warrant disciplinary action and ruled that the parties should use the judicial process to resolve their dispute. Mr. Klein has failed to cite any case that holds that the action of the Statewide Grievance Committee CT Page 15407 involving attorney discipline can have any effect whatsoever on the full faith and credit provision of General Statutes § 52-605, the Uniform Enforcement of Foreign Judgments Act.
Mr. Klein's argument that the case of Galvanek v. Skibitcky, supra,55 Conn. App. 254, somehow voids the escrow arrangement by which First American issued its title policy, thus permitting the Kleins to sell their home, is not persuasive. First, that case does not apply because it ruled that an attorney for one of the parties cannot be an escrow agent. In this case, of course, both attorneys were escrow agents. Second, theGalvanek case was itself overruled by the Legislature's enactment of Public Act 00-74, which permits an escrow agreement when "the escrow holder is the attorney . . . for one or more of the parties to the escrow agreement."
The Kleins failed to submit any evidence that the other claimants violated either CUTPA or CUIPA. Mr. Collard is simply seeking to collect his judgment. First American issued a policy insuring over an encumbrance on the Klein property in order that Mrs. Klein could convey her home to the Straights. In short, none of the claimants did anything wrong or unfair. For these same reasons, the counterclaim filed by the Kleins is deemed unproven.
Therefore, the Chief Clerk is directed to pay as soon as the final disposition of this and the other three cases occurs, including any appeals: (1) $10,000 to Attorney Castiglioni pursuant to General Statutes § 52-484; (2) $124,809.88 to Collard Roe, P.C., as of the date of this judgment, with a per diem thereafter of $19.58, in satisfaction of its judgment and judgment lien, provided counsel for this claimant first files with the Clerk a withdraw of both the foreclosure action and the enforcement of foreign judgment action, a satisfaction of judgment, a release of the attachment granted in CV 97-0159239 in the amount of $110,000, and a certified copy of the release of the judgment lien; and (3) the remaining balance to Arthur O. Klein and Diane L. Klein.
So Ordered.
Dated at Stamford, Connecticut, this 12th day of December, 2000.
William B. Lewis, Judge T. R.