# ROSEMARY YOUNG *v.* DOUGLAS YOUNG ET AL.
## (AC 18387)

Lavery, C. J., and Dranginis and Hennessy, Js.

Argued May 8—officially released July 31, 2001

*Brian E. Lambeck,* for the appellants (defendants).

*Joseph A. Kriz,* for the appellee (plaintiff).

*Opinion*

HENNESSY, J. This matter is before us on remand from our Supreme Court. *Young* v. *Young,* 249 Conn. 482, 733 A.2d 835 (1999). Previously, we granted the plaintiff's motion to dismiss the defendants' appeal without opinion. Our Supreme Court granted the defendants' petition for certification. *Young* v. *Young,* 247 Conn. 913, 719 A.2d 906 (1998).[1] The Supreme Court reversed this court's judgment dismissing the defendants' appeal and remanded the case to us with the direction to consider the merits of the defendants' appeal. *Young* v. *Young,* supra, 249 Conn. 498.

The defendants in this summary process action, Douglas Young and Maureen Young, appeal from the judgment of the trial court, rendered after a trial to the court, in favor of the plaintiff, Rosemary Young, granting her exclusive and immediate possession of the premises at 28 Lighthouse Point in Fairfield. The defendants claim that the court improperly found that (1) there was an escrow agreement between the parties, and (2) there was no delivery of a quitclaim deed from the plaintiff to Douglas Young and, therefore, he was not the owner of the property at issue. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal.[2] On April 22, 1997, the plaintiff

---

[1] The grant of certification was limited to the following issues: "1. Whether the defendants' motion to reargue pursuant to Practice Book § 11-11 tolled the appeal period until the denial of that motion?

"2. Whether, under the circumstances surrounding this case, the defendants' failure to post a bond within five days of the entry of judgment formed a proper basis for the dismissal of the defendants' appeal?" *Young* v. *Young,* supra, 247 Conn. 913.

[2] The court did not prepare a written memorandum of decision and did not sign the transcript of its oral decision, as required by Practice Book § 64-1. "The duty to provide [the Appellate Court] with a record adequate

instituted a summary process action, pursuant to General Statutes § 47a-23a,[3] seeking to evict the defendants from the premises.[4] The plaintiff asserted nonpayment of monthly rent and claimed immediate possession on the ground that the defendants' right or privilege to occupy the premises had terminated. At trial, the defendants denied that they had failed to pay the rent due and claimed that in October, 1994, the plaintiff had conveyed the property to Douglas Young by a quitclaim deed. Additionally, the defendants argued that even if the plaintiff had not conveyed the property by quitclaim deed, the plaintiff had conveyed a life estate in the property to Douglas Young.

The court found that the quitclaim deed did not divest the plaintiff of ownership of the premises because the deed was given to the defendants' attorney to be held in escrow until Douglas Young paid $12,000 to the attorney and that this condition had not been satisfied. The court concluded that the defendants' prior right or privilege of possession had terminated and, on April 17, 1998,

for review rests with the appellant." *Chase Manhattan Bank/City Trust* v. *AECO Elevator Co.*, 48 Conn. App. 605, 607, 710 A.2d 190 (1998). We have frequently declined to review claims where the appellant has failed to provide the court with an adequate record for review. See id., 608–609. "We have, on occasion, reviewed claims of error in light of an unsigned transcript as long as the transcript contains a sufficiently detailed and concise statement of the trial court's findings." *Bank of America, FSB* v. *Franco*, 57 Conn. App. 688, 691 n.1, 751 A.2d 394 (2000). In the present case, the defendants have filed an unsigned transcript and, although we do not encourage that practice, we will review their claims.

[3] General Statutes § 47a-23a provides in relevant part: "Complaint. (a) If . . . the lessee or occupant neglects or refuses to quit possession or occupancy of the premises, any commissioner of the Superior Court may issue a writ, summons and complaint which shall be in the form and nature of an ordinary writ, summons and complaint in a civil process, but which shall set forth facts justifying a judgment for immediate possession or occupancy of the premises and make a claim for possession or occupancy of the premises. . . ."

[4] The defendants are the plaintiff's son and daughter-in-law.

rendered judgment of possession in favor of the plaintiff.[5]

On April 20, 1998, the defendants filed a motion to reargue pursuant to Practice Book § 11-11. On May 4, 1998, the court denied the defendants' motion to reargue and this appeal followed. Additional facts will be provided as necessary.

Our analysis begins with the appropriate standard of review. "On appeal, it is the function of this court to determine whether the decision of the trial court is clearly erroneous. . . . This involves a two part function: where the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision; where the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous. That is the standard and scope of this court's judicial review of decisions of the trial court." (Internal quotation marks omitted.) *Criscuolo* v. *Mauro Motors, Inc.*, 58 Conn. App. 537, 543, 754 A.2d 810 (2000).

I

The defendants first claim that the court improperly found that there was an escrow agreement between the parties. The defendants argue that the court's finding that there was an escrow agreement directly contra-

[5] The court stated: "Based upon the testimony and stipulations and credible testimony, the court finds and concludes that the plaintiff has sustained her burden of proof as to the allegation of the second count in the complaint for immediate possession of the premises. That the right previously had been terminated.

"Accordingly, judgment for possession of the premises shall enter in favor of the plaintiff on the second count only, the prior right or privilege having been terminated."

venes *Galvanek* v. *Skibitcky*, 55 Conn. App. 254, 738 A.2d 1150 (1999), and *Kallas* v. *Harnen*, 48 Conn. App. 253, 709 A.2d 586, cert. denied, 244 Conn. 935, 717 A.2d 232 (1998).[6] We are not persuaded.

In *Galvanek* v. *Skibitcky*, supra, 55 Conn. App. 257, we held that " 'where, pursuant to an agreement, money is left in the hands of the attorney or agent of one of the parties, the money is not delivered in escrow.' " Applying that principle to the facts in that case, we concluded that because the money was held by the plaintiff's attorney, and the interest of the plaintiff and his attorney were identical, the plaintiff's attorney never acquired the independent status as an escrow agent and, therefore, the money was not held in escrow. Id. Similarly, in *Kallas* v. *Harnen*, supra, 48 Conn. App. 258, we held that where the parties to a contract deposited money into an escrow account controlled by the defendant's attorney and agent, no escrow was established.

Contrary to the defendants' claim, *Galvanek* and *Kallas* are distinguishable from the present case. In the present case, the court found that the defendants' attorney held the quitclaim deed in escrow for the benefit of both the plaintiff and Douglas Young, subject to the agreed on conditions. The court further found that the attorney would not have recorded the deed until Douglas Young satisfied his part of the bargain and, if requested, would have returned the deed to the plaintiff

---

[6] On May 16, 2000, the legislature enacted Public Acts 2000, No. 00-74 (P.A. 00-74), which is codified at General Statutes § 51-81h. General Statutes § 51-81h (b) provides: "No escrow agreement shall be ineffective, invalid or unenforceable because the escrow holder is the attorney-at-law, law firm or agent for one or more parties to the escrow agreement, whether in connection with the matter to which the escrow agreement is related or otherwise." Although P.A. 00-74 legislatively overruled our holdings in *Galvanek* v. *Skibitcky*, supra, 55 Conn. App. 254, and *Kallas* v. *Harnen*, supra, 48 Conn. App. 253, it is not applicable to the present case because it applies only to escrow agreements in existence on or after May 16, 2000, the effective date of the act.

when it was clear that the agreed on conditions were not being fulfilled. On the basis of those findings, the court concluded that although the attorney represented the defendants with respect to certain matters between the parties, he did not act as the defendants' attorney with respect to the escrow agreement.

After a careful review of the record, we conclude that the evidence supports the court's determination that the attorney did not act as the defendants' attorney with respect to the escrow agreement. The attorney "acquired independent status as an escrow agent." *Galvanek* v. *Skibitcky*, supra, 55 Conn. App. 257. *Galvanek* and *Kallas*, therefore, are not applicable to the present case. Accordingly, we conclude that the court's finding that there was an escrow agreement between the parties is not clearly erroneous.

## II

The defendants next claim that the court improperly found that there was no delivery of the quitclaim deed from the plaintiff to Douglas Young and, therefore, he was not the owner of the property at issue. Specifically, the defendants argue that the court's finding is inconsistent with *Shelinsky* v. *Foster*, 87 Conn. 90, 94, 87 A. 35 (1913), in which our Supreme Court held that a finding that a deed was left by a party in the physical custody of his attorney did not give rise to the conclusion that the deed was delivered in escrow. The defendants further argue that in the present case, the plaintiff gave the quitclaim deed to the defendants' attorney and, pursuant to the holding in *Shelinsky*, that action constituted delivery of the deed. We are not persuaded.

The court found that the plaintiff had delivered the quitclaim deed to the attorney in his role as an escrow agent and not as the defendants' attorney. Therefore, the defendants' reliance on *Shelinsky* is misplaced. Moreover, because Douglas Young failed to satisfy the

agreed on conditions for the delivery of the deed to be accomplished, the deed was not delivered to him, and the plaintiff remains the legal owner of the property. Accordingly, we conclude that the court's finding that Douglas Young was not the owner of the subject property because there was no delivery of the quitclaim deed is not clearly erroneous.[7]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[7] The defendants also appear to claim that the court improperly permitted the plaintiff to allege one cause of action and recover on another. That claim is without merit. The plaintiff brought a summary process action pursuant to General Statutes § 47a-23a, seeking immediate possession of the subject premises on the ground that the defendants' right or privilege to occupy them had terminated. The court, in rendering judgment in favor of the plaintiff, stated that "the plaintiff has sustained her burden of proof as to the allegation of the second count in the complaint for immediate possession of the premises. . . . Accordingly, judgment for possession of the premises shall enter in favor of the plaintiff on the second count only, the prior right or privilege having been terminated." We conclude that there is no inconsistency between the cause of action alleged by the plaintiff and the cause of action on which she recovered.