[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff wife, 51, and the defendant husband, 52, married on August 7, 1971 at Stamford, Connecticut. Both parties have lived continuously in this state since the marriage. Therefore, this court has jurisdiction of this dissolution of marriage action. There is one minor child of the marriage, Joseph, born May 3, 1984. Two adult children live with their mother.
They bought the marital home, located in Norwalk, in 1978. Before this action began the first mortgagee began a foreclosure action in this court (0156713) returnable on February 11, 1997. A judgment of foreclosure by sale was entered on September 21, 1999. The parties then entered into a forbearance agreement with the mortgagee. The parties failed to make all the requisite payments and judgment of the foreclosure by sale was again ordered on March 6, 2000 providing for the auction to be held on July 15, 2000. Attorney Geoffrey S. Brandner appeared in the foreclosure action on behalf of Susanne DiLeonardo and filed a motion on June 21, 2000 seeking to extend the sale date. The motion was granted and the sale CT Page 12668 date was postponed to September 9, 2000. Said motion also requested that the plaintiff be responsible for all committee costs through the date the motion was granted which was June 27, 2000. A second motion to extend sale date, dated August 4, 2000 and filed on the same day by Attorney Brandner was also granted on August 14, 2000 extending the sale date to November 18, 2000. The second motion to extend stated that Susanne DiLeonardo agreed to be responsible for any and all committee costs through the date the motion was granted, said fees to be paid at the September 11, 2000 closing. Attorney Peter Shafran, who is also representing Daniel DiLeonardo in this dissolution action, appeared on his behalf in the foreclosure action on January 13, 2000.
In order to sell the house the parties entered into an agreement dated January 24, 2000 which was submitted to the court, approved by it and so ordered on the same day (Hiller, J). A copy is annexed to this opinion and incorporated herein. The plaintiff's attorney was retained by the plaintiff to handle the sale pursuant to paragraph 4 of the said agreement. During the trial of this case the parties submitted a stipulation in writing regarding the disbursements to be made from the proceeds obtained from the sale. A photocopy of the writing is annexed to this opinion and incorporated herein. The defendant claims that the items he has initialed in the "Disagree" column should be paid entirely from the plaintiff's portion of the proceeds. The Committee's expenses were assumed by the plaintiff in her motion dated August 4th and shall be paid from her portion of the proceeds. Attorney Brandner's fees totaling $1,500 shall be paid by the plaintiff. The remaining disputed items shall be deducted and paid from the proceeds before division between the parties.
The plaintiff is a bookkeeper who worked for various employers until the parties adopted a son in 1978. In March 1981 they adopted a second child. On May 3, 1984, their minor son Joseph was born, issue of the marriage. The plaintiff remained a homemaker for the next dozen years. She has been a teacher's aide for the last 12 years. The last nine years working 27 1/2 hours weekly for $17 hourly wage. At less than 30 hours weekly the plaintiff cannot qualify for medical benefits or other fringe except a $15,000 group life insurance policy. The plaintiff is paid for 10 months and unpaid during the two summer vacation months.
The defendant has been employed by CLP throughout the marriage, currently as supervisor earning $1,307.92 gross and $892.69 net weekly. The defendant suffered a heart attack in October 1991, a second heart attack in 1996 with a bypass performed that year and bladder cancer was diagnosed in 1998. He has suffered severe depression in recent years and was treated by a psychiatrist. He moved from the marital home in September 1999 and the summons and complaint in this action was served on CT Page 12669 the defendant on October 15, 1999. The court finds that the cause of the marriage breakdown was the erosion of the parties' relationship.
In addition to her interest in the house proceeds the plaintiff has a 401k plan at work and a 1986 Oldsmobile which she values at $800. In addition to his interest in the house proceeds the defendant has a vested pension (Defendant's Exhibit M) and a 401k account valued by him as $16,346. Despite these relatively modest assets both parties are now faced with huge legal bills that are disproportionate to their station in life. Rule 1.5 of the Rules of Professional Conduct states that a lawyer's fee shall be reasonable and then lists various factors to be considered in determining the reasonableness of a fee. The court will not order either an allowance to prosecute nor will it order an allowance to defend based on the analysis just discussed.
Apparently, each lawyer has referred the other to the attorney grievance committee. The court observed the antagonism that existed between counsel. Both counsel took the witness stand. The court was obliged to bring Rule 3.7 of the Rules of Professional Conduct to the attention of both counsel. The agreement of January 24, 2000, ordered on said day provided that
 ". . . . the net proceeds of the sale . . . shall be deposited in an interest-bearing escrow account by the attorneys for the parties."
A separate escrow account was never created. The court finds both attorneys allowed Attorney Paige to hold the proceeds in escrow as ordered. General Statutes § 51-81h(b) applies to escrow agreements in existence on or after May 16, 2000, the effective date of the act, (cfYoung v. Young, 64 Conn. App. 651, 655, n. 6), which permits this method of escrow.
Having reviewed the evidence in light of relevant law the court enters the following decree:
 1. Judgement is entered dissolving the marriage on the ground of irretrievable breakdown. Each party is declared unmarried.
 2. The plaintiff is awarded sole custody of the minor child and the defendant is awarded reasonable visitation rights.
 3. The defendant shall pay child support in accordance with the guidelines of $165 weekly, the first CT Page 12670 payment due on the Friday following the filing of this memorandum. A wage withholding order is entered and the parties have agreed that it shall be a contingent order.
 4. The defendant shall pay to the plaintiff weekly periodic alimony of $335 until the death of either party, the remarriage of the plaintiff or future court order based on cohabitation of the plaintiff or other application of General Statutes § 46b-86, i.e., this order is modifiable both as to amount and duration. A contingent wage withholding order is entered.
 5. The net proceeds from the sale of the marital home, after all other disbursements have been made, shall be divided with 65% being given to the plaintiff and 35% being given to the defendant.
 6. The plaintiff is awarded 50% of the defendant's pension. The court retains jurisdiction in order to execute the QDRO after the administrator approves its form. I
7. The plaintiff is awarded 50% of the defendant's 401k account.
8. The defendant shall cooperate with the plaintiff if she is eligible for COBRA coverage.
 9. The defendant shall name the plaintiff as primary beneficiary on his CIGNA life insurance group coverage and shall maintain her as such for so long as he is obligated to pay alimony but he is not obligated to obtain individual coverage if the group coverage is no longer available through no fault of his or as a result of his retirement or involuntary severance.
 10. Each party shall retain any remaining assets currently owned and shall be solely responsible for any debts incurred by that party.
HARRIGAN, J.T.R.
[EDITORS' NOTE: THE AGREEMENT IS ELECTRONICALLY NON-TRANSFERRABLE.] CT Page 12671